**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| Idania M. ACOSTA REYNOSO, | § | |
| | § | |
| Yoania ACOSTA CINTADO, | § | |
| | § | |
| Marta Maria ACOSTA SOROA, | § | |
| | § | |
| Yanet AGUILERA SARDA, | § | |
| | § | |
| M.A.O., a minor, | § | |
| | § | |
| Maikel ALEMAN MARTINEZ, | § | |
| | § | Case No.:8:26-CV-01314-VMC-NHA |
| Juan L. ALMEIDA ROS, | § | |
| | § | |
| Bety ALONSO FALCON, | § | |
| | § | |
| Luis M. ALVAREZ RAMOS, | § | |
| | § | |
| I.A.B., a minor, | § | |
| | § | |
| Yuri AMARO MARTIN, | § | |
| | § | |
| Ander ANACHE CAMPOS, | § | |
| | § | |
| Merylin ANDRES BECERRA, | § | |
| | § | |
| Ahmed ARMINAN RIVERO, | § | |
| | § | |
| Maylen BARCENAS GUERRERO, | § | |
| | § | |
| Andy BARRETO DAVILA, | § | |
| | § | |
| Ana L. BARZAGA HURTADO, | § | |
| | § | |
| Maikel M. BERLANGA MARTINEZ, | § | |
| | § | |
| Yaneisy BERNAL HERNANDEZ, | § | |
| | § | |
| Yusnaivi BIDOPIA HERRERA, | § | |
| | § | |
| Juliet BORGES CABRERA, | § | |
| | § | |

Minerva BOSCOSO MARTINEZ, §
§
Indira BROCAR ESPINOSA, §
§
Carlos CABEZAS MEDELL, §
§
Yadian CABRERA ALVAREZ, §
§
Yordanka CABRERA GONZALEZ, §
§
Irina CASTELLANOS LEMES, §
§
Edrey CATALA DEFAUS, §
§
K.A.C.L., a minor, §
§
Sherlyn CARABALLO LEON, §
§
Carlos M. CEDENO FUENTES, §
§
Pedro Alfredo COLLAZO CRUZ, §
§
Rafael CORREOSA HERNANDEZ, §
§
Dalia R. DALMAU LEMUS, §
§
Juan D. DE URRUTIA MARTINEZ, §
§
Liset DIAZ GONZALEZ, §
§
Yanetsy DIAZ MESA, §
§
C.C.D., a minor, §
§
C.C.D., a minor, §
§
Adriano DOMINGUEZ GONZALEZ, §
§
Elso Jairom ECHEMENDIA ROQUE, §
§
Lisandro J. ESPINOSA GOBIN, §
§
Roxana ESPINOSA SANCHEZ, §
§
Yoel ESTEVEZ GARCIA, §
§

Reynier FERNANDEZ BEGUE, §

Andres FERNANDEZ ROMAY, §

Maidelys L. FERNANDEZ VIERA, §

Hidelberto FERRER SUAREZ, §

Orlando FLORES VAZQUEZ, §

Ocleivy FRANKIS MACHADO, §

Yilena FUENTES CALVI, §

A.M.F.A, a minor, §

Shaili FUSTER GOMEZ, §

Juan Carlos GARCIA GARCIA, §

A.G.M., a minor, §

A.G.M., a minor, §

Belkis GARCIA ARMAS, §

Alisson de la Caridad GARCIA HURTADO, §

Adonys GARCIA RIVERA, §

Adalberto J. GASTON LIMONTA, §

Jesus GERARDO ALVAREZ, §

Miguel A. GOMEZ WITTEMBERG, §

Adalberto GONZALEZ ENAMORADO, §

Reynier GONZALEZ LION, §

Octavio E. GONZALEZ LORES, §

Alejandro J. GONZALEZ PORTO, §

Anaisis GONZALEZ REYES, §
§
Maikel J. GONZALEZ QUINTERO, §
§
Carlos GONZALEZ TAN, §
§
Emilio GONZALEZ VALDIVIA, §
§
Lucas GONZALEZ VITIER, §
§
Sara C. GUERRA FERNANDEZ, §
§
Ilsa GUEVARA ZALDIVAR, §
§
Nayla T. GRINAN LEYVA, §
§
Carlos A. HERNANDEZ BERNAL, §
§
Wendy HERNANDEZ SALAZAR, §
§
D.H.P., a minor, §
§
Maritza JARDINES RODRIGUEZ, §
§
Adel JOMARRON MOREIRA, §
§
Adalberto LAGO BOSCOSO, §
§
Eduardo E. LAGO CLEMENTE, §
§
Yasunay LEON ALVAREZ, §
§
Dennis LUCAS GUZMAN, §
§
Abeniley MANSO NAPOLES, §
§
Rafael R. MARTINEZ CABRERA, §
§
T.M.R., a minor, §
§
Doanny MARTINEZ DIAZ, §
§
Yunior MARTIN TORRES, §
§
Odaymis MARQUEZ CASERES §
§

| | |
|---|---|
| Alejandro MORALES PEREZ, | § |
| | § |
| Marcel MENDEZ FARINAS, | § |
| | § |
| Richard MESA TUR, | § |
| | § |
| Yohander MIR VIAMONTES, | § |
| | § |
| Yosley MOYA PEREZ, | § |
| | § |
| Reinier NODA VILLALON, | § |
| | § |
| Luis D. NUNEZ LINARES, | § |
| | § |
| Richard OCHOA PALOMINO, | § |
| | § |
| Lazaro D. OLIVERA DOPICO, | § |
| | § |
| Luis A. ORTIZ ALEJO, | § |
| | § |
| Javier OTERO GOMEZ, | § |
| | § |
| Liban OTERO GOMEZ, | § |
| | § |
| Bryan ORTIZ ARENCIBIA, | § |
| | § |
| Danay OJEDA YERBILLA, | § |
| | § |
| Armando PALACIO DURAN, | § |
| | § |
| Dayron O. PENATE PEREZ, | § |
| | § |
| Maria C. PERDOMO SOTO, | § |
| | § |
| Adrian PEREZ BORGES, | § |
| | § |
| Adrian PEREZ NODAR, | § |
| | § |
| Adel PEREZ SOSA, | § |
| | § |
| Junior PORTALES LOPEZ, | § |
| | § |
| Yolange PUPO PEREZ, | § |
| | § |
| Gretel RAMIREZ PERDOMO, | § |
| | § |

| | |
|---|---|
| Raulice RAMIREZ MARTINEZ, | § |
| | § |
| I.R.B., a minor, | § |
| | § |
| Ruben E. RAMOS CHAVIANO, | § |
| | § |
| Roberto REGUIERA VEGA, | § |
| | § |
| Lazara RIZO PEREZ, | § |
| | § |
| Jesus J. RODRIGUEZ CABRERA, | § |
| | § |
| Marileyvis RODRIGUEZ GARCIA, | § |
| | § |
| Jose D. RODRIGUEZ HERRERA, | § |
| | § |
| Brian E. RODRIGUEZ MORALES, | § |
| | § |
| Brunilda RODRIGUEZ MOYA, | § |
| | § |
| Amanda RODRIGUEZ RIVERON, | § |
| | § |
| Luis Miguel RODRIGUEZ ROCHA, | § |
| | § |
| Pedro Jesus RODRIGUEZ ROCHA, | § |
| | § |
| Nitza ROJAS ZUNIGA, | § |
| | § |
| Erineisy ROMERO MATOS, | § |
| | § |
| Yakelin RONDAN VALDEZ, | § |
| | § |
| Lilian Beatriz SAMUEL PALACIO, | § |
| | § |
| Isbel SANCHEZ DIAZ, | § |
| | § |
| Eberto SEDANO HERRERA, | § |
| | § |
| A.S.B., a minor, | § |
| | § |
| Pedro L. SILVA HERMOSA, | § |
| | § |
| Yordan SUAREZ SOSA, | § |
| | § |
| Alexander ULLOA MORELL, | § |
| | § |

Claudia C. VALDIVIA ESCALONA,

Luis D. VALLADARES DIAZ,

Isnel D. VARGAS BATISTA,

Efrain VIAMONTES HERRERA,

Lazaro Damian VILCHES CABRERA,

Elisabet VILLAZON DELGADO,

Maylin VITIER PADRON, and

Arelys VIVERO POMPA,

*Plaintiffs,*

*v.*

U.S. Citizenship and Immigration Services;

Joseph B. EDLOW, in his official capacity as Director of the U.S. Citizenship and Immigration Services; and

U.S. Department of Homeland Security; Markwayne MULLIN, in his official capacity as U.S. Secretary of Homeland Security

*Defendants.*

**<u>PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

**<u>INTRODUCTION</u>**

1. In this action, 143 Plaintiffs challenge Defendant U.S. Citizenship and Immigration Services ("USCIS")'s ongoing unreasonable delay in deciding their long-pending applications for lawful permanent residence pursuant to the Cuban Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966). The CAA is a congressionally mandated route to adjustment of status for Cuban nationals and citizens, and their eligible spouses and unmarried minor children, so long as the requirements set forth by Congress in the Act are met. Here, despite establishing their prima facie eligibility for adjustment of status under the CAA, the 143 Plaintiffs' applications are instead unreasonably withheld and delayed in their adjudication by USCIS. Additionally, since December 2025, Defendants have exacerbated these delays by adopting an ongoing policy ("Benefits Hold Policy") that indefinitely delays adjudication of applications by all Cubans and their eligible spouses, irrespective of whether there is an objective basis to investigate any wrongdoing by these applicants. However, even before December 2025, the delays faced by the Plaintiffs were unreasonable.

2. Plaintiffs ("Plaintiffs") are 143 Cuban nationals and citizens who: (1) were lawfully admitted or paroled into the United States; (2) have since accumulated over one-year physical presence in the U.S.; (3) have filed for adjustment of status with USCIS, based on their prima facie eligibility to do so pursuant to the Cuban Adjustment Act ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966); (4) have filed petitions for employment authorization pursuant to their pending CAA petitions; (5) have been subjected to an unreasonable delay in the adjudication of their petitions by USCIS.

3. After arriving in the United States, the Plaintiffs each endeavored to comply with the affirmative steps required, under the CAA and the Immigration and Nationality Act ("INA"), to regularize their immigration status. Each Plaintiff timely filed a Form I-485,

Application to Register Permanent Residence or Adjust Status under the CAA ("CAA Petitions"), and a corresponding Form I-765, Application for Employment Authorization ("EAD Petitions"), with USCIS.

4. Plaintiffs have since remained fully compliant with all USCIS requirements, have responded promptly to any agency requests, and have maintained their eligibility for the relief sought under the CAA. However, despite the Plaintiffs' *prima facie* eligibility for this form of relief, and their full compliance with all requirements established under the law, USCIS has failed to render adjudicative decisions on the Plaintiffs' CAA and EAD petitions. This unreasonable delay leaves the Plaintiffs in a state of prolonged and indefinite immigration limbo that is both unlawful and deeply harmful.

5. The harm to Plaintiffs is immediate, concrete, and irreparable. Without adjudication of their CAA petitions, Plaintiffs cannot obtain the Lawful Permanent Resident ("LPR") status to which they are legally entitled. Without timely adjudication of their EAD petitions, Plaintiffs face gaps in employment authorization that have cost them jobs, income, professional opportunities, and most significantly, the ability to support themselves and their families. Plaintiffs are restricted in their ability to travel, unable to plan their futures, and are denied the stability and legal security that Congress expressly intended the CAA to provide. Every day of continued delay only compounds these harms.

6. Accordingly, Plaintiffs bring this lawsuit to stop these harms by requiring USCIS to comply with its obligations under the Administrative Procedure Act ("APA") and ultimately, the Constitution. Plaintiffs respectfully request that, among other relief deemed just and proper, this Court: (a) declare that USCIS has unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' pending I-485 and I-765 applications in violation of the APA, 5

U.S.C. § 706(1) and the Mandamus Act; (b) order USCIS to adjudicate each of Plaintiffs' pending applications within a date certain set by this Court; (c) retain jurisdiction over this matter to ensure compliance with its order; and (d) award Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## JURISDICTION

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1361 (Mandamus Act). Additionally, the Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§2201-2202, 5 U.S.C. §§702, 706, and 28 U.S.C. § 1361.

8. The government has waived any sovereign immunity defense pursuant to 5 U.S.C. § 702.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because this is a civil action in which Defendants are officers or employees of the United States, acting in their official capacity, Plaintiffs reside in this District, and no real property is involved in this action.

## PARTIES

10. Plaintiffs, collectively, are 143 Cuban nationals and citizens who were lawfully admitted or paroled into the United States after January 1, 1959. Plaintiffs have since accrued over one year of physical presence in the United States and filed applications with USCIS to adjust their immigration status and obtain lawful permanent residence (commonly known as “green cards”). Plaintiffs have also applied for EAD petitions, or work permits, with USCIS via their pending CAA petitions, and although some of the Plaintiffs received their approved EADs

within the allotted time, the overwhelming majority have pending EADs that are now unreasonably delayed, resulting in significant additional prejudice for the Plaintiffs.

11. **Plaintiff Idania Maria Acosta Reynoso** is a native and citizen of Cuba. Plaintiff Acosta Reynoso filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Acosta Reynoso was inspected and admitted or paroled into the United States at Brownsville, Texas on or about April 7, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On April 16, 2025, Plaintiff Acosta Reynoso timely filed her CAA petition (Receipt No. IOE0931414859), and a corresponding EAD petition (Receipt No. IOE0931414860), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Acosta Reynoso's CAA and EAD petitions have been pending for approximately 14 months.

12. **Plaintiff Yoania Acosta Cintado** is a native and citizen of Cuba. Plaintiff Acosta Cintado filed her CAA petition with USCIS while physically residing in Land o' Lakes, Florida, which confers jurisdiction on this Court. Plaintiff Acosta was inspected and admitted or paroled into the United States at Tampa, Florida, on or about May 15, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 24 months. On May 21, 2025, Plaintiff Acosta Cintado timely filed her CAA petition (Receipt No. IOE0932036732), and a corresponding EAD petition (Receipt No. IOE0932036733), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was

approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Acosta Cintado's CAA and EAD petitions have been pending for approximately 13 months.

13. **Plaintiff Marta Maria Acosta Soroa** is a native and citizen of Cuba. Plaintiff Acosta Soroa filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Acosta Soroa was inspected and admitted or paroled into the United States at Orlando, Florida, on or about July 11, 2023, and has since maintained continuous physical presence in the United States for a period nearly exceeding 3 years. On July 19, 2024, Plaintiff Acosta Soroa timely filed her CAA petition (Receipt No. MSC2490985502), and a corresponding EAD petition (Receipt No. IOE0932079004) on May 8, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Acosta's CAA petition has been pending for approximately 22 months, and her EAD petition for approximately 13 months.

14. **Plaintiff Yanet Aguilera Sarda** is a native and citizen of Cuba. Plaintiff Aguilera Sarda filed her CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Aguilera Sarda was inspected and admitted or paroled into the United States at Eagle Pass, Texas on or about November 9, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On January 12, 2024, Plaintiff Aguilera Sarda timely filed her CAA petition (Receipt No. MSC2490365369), and a corresponding EAD petition (Receipt No. MSC2490365370), with USCIS, based on her prima facie eligibility under the CAA. At the

time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Aguilera Sarda's CAA petition has been pending for approximately 30 months.

15. **Plaintiff Maikel Aleman Martinez** is a native and citizen of Cuba. Plaintiff Aleman Martinez filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Aleman Martinez was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 15, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On August 30, 2024, Plaintiff Aleman Martinez timely filed his CAA petition (Receipt No. MSC2491008034), and a corresponding EAD petition (Receipt No. IOE0931124092) on April 1, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Aleman Martinez's CAA petition has been pending for approximately 21 months, and his EAD petition for approximately 14 months.

16. **Plaintiff M.A.O, a minor,** is a native and citizen of Cuba. Plaintiff M.A.O. is the biological child of Plaintiff Ojeda Yerbilla. Plaintiff M.A.O. filed his CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff M.A.O. was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 19, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On August 29, 2024, Plaintiff M.A.O. timely filed his CAA petition (Receipt No. MSC2491002391), and a corresponding EAD

petition (Receipt No. IOE0935410294) on January 13, 2026, with USCIS, based on the prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 4.3 months for Form I-765 applications. As of the date of this Complaint, Plaintiff M.A.O.'s CAA petition has been pending for approximately 21 months, and their EAD petition for approximately 5 months.

17. **Plaintiff Juan Luis Almeida Ros** is a native and citizen of Cuba. Plaintiff Almeida Ros filed his CAA petition with USCIS while physically residing in Riverview, Florida, which confers jurisdiction on this Court. Plaintiff Almeida Ros was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On October 11, 2024, Plaintiff Almeida Ros timely filed his CAA petition (Receipt No. MSC2590039125) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931513062) on April 4, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Almeida Ros's CAA petition has been pending for approximately 19 months, and his EAD petition for approximately 14 months.

18. **Plaintiff Bety Alonso Falcon** is a native and citizen of Cuba. Plaintiff Alonso Falcon filed her CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Alonso Falcon was inspected and admitted or paroled into the United States at Miami, Florida, on or about November 10, 2023, and has since

maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On December 20, 2024, Plaintiff Alonso Falcon timely filed her CAA petition (Receipt No. MSC2590234412) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931274862) on March 24, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 Months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Alonso Falcon's CAA petition has been pending for approximately 17 months, and her EAD petition for approximately 15 months.

19. **Plaintiff Luis Miguel Alvarez Ramos** is a native and citizen of Cuba. Plaintiff Alvarez Ramos filed his CAA petition with USCIS while physically residing in Land O' Lakes, Florida, which confers jurisdiction on this Court. Plaintiff Alvarez Ramos was inspected and admitted or paroled into the United States at Tampa, Florida, on or about May 15, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On May 21, 2025, Plaintiff Alvarez Ramos timely filed his CAA petition (Receipt No. IOE0932036734), and a corresponding EAD petition (Receipt No. IOE0932036735) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Alvarez Ramos's CAA and EAD petitions have been pending for approximately 13 months.

20. **Plaintiff I.A.B., a minor**, is a native and citizen of Cuba. Plaintiff I.A.B. is the biological child of Plaintiffs Yuri Amaro Martin and Juliet Borges Cabrera. Plaintiff I.A.B filed

their CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff I.A.B was inspected and admitted or paroled into the United States at Miami, Florida on or about March 15, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 14, 2025, Plaintiff I.A.B timely filed their CAA petition (Receipt No. IOE0930984857), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff I.A.B.'s CAA petition has been pending for approximately 14 months

21. **Plaintiff Yuri Amaro Martin** is a native and citizen of Cuba. Plaintiff Amaro Martin filed his CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Amaro Martin was inspected and admitted or paroled into the United States at Miami, Florida on or about June 9, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On June 14, 2024, Plaintiff Amaro Martin timely filed his CAA petition (Receipt No. MSC2490805158), and a corresponding EAD petition (Receipt No. IOE0931446480) on April 18, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this complaint, Plaintiff Amaro Martin’s CAA petition has been pending for approximately 24 months, and his EAD petition for approximately 14 months.

22. **Plaintiff Ander Anache Campos** is a native and citizen of Cuba. Plaintiff Anache Campos filed his CAA petition with USCIS while physically residing in Tampa, Florida, which

confers jurisdiction on this Court. Plaintiff Anache Campos was inspected and admitted or paroled into the United States at Tampa, Florida, on or about December 30, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 22, 2025, Plaintiff Anache Campos timely filed his CAA petition (Receipt No. MSC2590299076), and a corresponding EAD petition (Receipt No. IOE0931563626) on April 8, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Anache Campos' CAA petition has been pending for approximately 16 months, and his EAD petition for approximately 14 months.

23. **Plaintiff Merylin Andres Becerra** is a native and citizen of Cuba. Plaintiff Andres Becerra filed her CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Andres Becerra was inspected and admitted or paroled into the United States at Miami, Florida, on or about May 14, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On May 17, 2024, Plaintiff Andres Becerra timely filed her CAA petition (Receipt No. MSC2490735586), and a corresponding EAD petition (Receipt No. IOE0930869504) on March 3, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Andres Becerra’s CAA petition has been pending for approximately 24 months, and her EAD petition for approximately 13 months.

24. **Plaintiff Ahmed Arminan Rivero** is a native and citizen of Cuba. Plaintiff Arminan Rivero filed his CAA petition with USCIS while physically residing in Palm Coast, Florida, which confers jurisdiction on this Court. Plaintiff Arminan Rivero was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 29, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On July 12, 2024, Plaintiff Arminan Rivero timely filed his CAA petition (Receipt No. MSC2490970403), and a corresponding EAD petition (Receipt No. IOE0931449768) on June 24, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Arminan Rivero's CAA petition has been pending for approximately 23 months, and his EAD petition for approximately 12 months.

25. **Plaintiff Maylen Barcenas Guerrero** is a native and citizen of Cuba. Plaintiff Barcenas Guerrero filed her CAA petition with USCIS while physically residing in Webster, Florida, which confers jurisdiction on this Court. Plaintiff Barcenas Guerrero was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 15, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On December 20, 2024, Plaintiff Barcenas Guerrero timely filed her CAA petition (Receipt No. MSC2590234387) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931680085) on May 1, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Barcenas Guerrero's

CAA petition has been pending for approximately 18 months, and her EAD petition for approximately 13 months.

26. **Plaintiff Andy Barreto Davila** is a native and citizen of Cuba. Plaintiff Barreto Davila filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Barreto Davila was inspected and admitted or paroled into the United States at Hidalgo, Texas, on or about April 10, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 4 years. On April 13, 2023, Plaintiff Barreto Davila timely filed his CAA petition (Receipt No. MSC2390419715), and a corresponding EAD petition (Receipt No. IOE0925707149), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 5.5 months. As of the date of this Complaint, Plaintiff Barreto Davila's CAA petition has been pending for approximately 37 months.

27. **Plaintiff Ana Lucia Barzaga Hurtado** is a native and citizen of Cuba. Plaintiff Barzaga Hurtado filed her CAA petition with USCIS while physically residing in Brandon, Florida, which confers jurisdiction on this Court. Plaintiff Barzaga Hurtado was inspected and admitted or paroled into the United States at Tampa, Florida, on or about February 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 4 months. On February 23, 2024, Plaintiff Barzaga Hurtado timely filed her CAA petition (Receipt No. MSC2490500066), and a corresponding EAD petition (Receipt No. IOE0928349150) on October 25, 2024, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7

months for Form I-765 applications. As of the date of this Complaint, Plaintiff Barzaga Hurtado's CAA petition has been pending for approximately 27 months, and her EAD petition for approximately 19 months.

28. **Plaintiff Maikel Miguel Berlanga Martinez** is a native and citizen of Cuba. Plaintiff Berlanga Martinez filed his CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Berlanga Martinez was inspected and admitted or paroled into the United States at Miami, Florida, on or about January 25, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding three years and three months. On February 9, 2024, Plaintiff Berlanga Martinez timely filed his CAA petition (Receipt No. MSC2490447897), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Berlanga Martinez's CAA petition has been pending for approximately 28 months.

29. **Plaintiff Yaneisy Bernal Hernandez** is a native and citizen of Cuba. Plaintiff Bernal Hernandez filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Bernal Hernandez was inspected and admitted or paroled into the United States at Miami, Florida, on or about July 29, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 10 months. On August 6, 2024, Plaintiff Bernal Hernandez timely filed her CAA petition (Receipt No. MSC2490948813), and a corresponding EAD petition (Receipt No. IOE0930881056) on March 3, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Bernal Hernandez's CAA petition has been pending for approximately 22 months, and her EAD petition for approximately 15 months.

30. **Plaintiff Yusnaivis Bidopia Herrera** is a native and citizen of Cuba. Plaintiff Bidopia Herrera filed her CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Bidopia Herrera was inspected and admitted or paroled into the United States at San Ysidro, California on or about August 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 10 months. On August 26, 2025, Plaintiff Bidopia Herrera timely filed her CAA petition (Receipt No. IOE0933580938), and a corresponding EAD petition (Receipt No. IOE0933580939), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Bidopia Herrera's CAA and EAD petitions have been pending for approximately 10 months.

31. **Plaintiff Juliet Borges Cabrera** is a native and citizen of Cuba. Plaintiff Borges Cabrera filed her CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Borges Cabrera was inspected and admitted or paroled into the United States at Miami, Florida on or about March 15, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 14, 2025, Plaintiff Borges Cabrera timely filed her CAA petition (Receipt No. IOE0930984850), and a corresponding EAD petition (Receipt No.

IOE0932084007) on May 9, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Borges Cabrera's CAA petition has been pending for approximately 14 months, and her EAD petition for approximately 13 months.

32. **Plaintiff Minerva Boscoso Martinez** is a native and citizen of Cuba. Plaintiff Boscoso Martinez filed her CAA petition with USCIS while physically residing in Apopka, FL, which confers jurisdiction on this Court. Plaintiff Boscoso Martinez was inspected and admitted or paroled into the United States at Hidalgo, Texas, on or about September 26, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On October 7, 2024, Plaintiff Boscoso Martinez timely filed her CAA petition (Receipt No. MSC2590026202) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931566911) on April 9, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Boscoso Martinez's CAA petition has been pending for approximately 20 months, and her EAD petition for approximately 14 months.

33. **Plaintiff Indira Brocard Espinosa** is a native and citizen of Cuba. Plaintiff Brocard Espinosa filed her CAA petition with USCIS while physically residing in Holiday, Florida, which confers jurisdiction on this Court. Plaintiff Brocard Espinosa was inspected and admitted or paroled into the United States at Tampa, Florida, on or about March 26, 2024, and

has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 18, 2025, Plaintiff Brocard Espinosa timely filed her CAA petition (Receipt No. IOE0931464602), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Brocard's CAA petition has been pending for approximately 14 months.

34. **Plaintiff Roberto Carlos Cabezas Medell** is a native and citizen of Cuba, Plaintiff Cabezas Medell filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Cabezas Medell was inspected and admitted or paroled into the United States at Brownsville, Texas on or about October 22, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On November 4, 2024, Plaintiff Cabezas Medell timely filed his CAA petition (Receipt No. MSC2590111664), and a corresponding EAD petition (Receipt No. IOE0931859168) on May 12, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Cabezas's CAA petition has been pending for approximately 19 months, and his EAD petition for approximately 13 months.

35. **Plaintiff Yadian Cabrera Alvarez** is a native and citizen of Cuba. Plaintiff Cabrera Alvarez filed his CAA petition with USCIS while physically residing in Pinellas Park, Florida, which confers jurisdiction on this Court. Plaintiff Cabrera Alvarez was inspected and admitted or paroled into the United States at Calexico, California, on or about November 13,

2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On November 22, 2023, Plaintiff Cabrera Alvarez timely filed his CAA petition (Receipt No. MSC2490186547), and a corresponding EAD petition, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Cabrera Alvarez's CAA petition has been pending for approximately 31 months.

36. **Plaintiff Yordanka Cabrera Gonzalez** is a native and citizen of Cuba. Plaintiff Cabrera Gonzalez filed her CAA petition with USCIS while physically residing in St. Petersburg, Florida, which confers jurisdiction on this Court. Plaintiff Cabrera Gonzalez was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about June 22, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On September 2, 2025, Plaintiff Cabrera Gonzalez timely filed her CAA petition (Receipt No. IOE0933651913), and a corresponding EAD petition (Receipt No. IOE0933651914), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Cabrera Gonzalez’s CAA and EAD petitions have been pending for approximately 9 months.

37. **Plaintiff Irina Castellanos Lemes** is a native and citizen of Cuba. Plaintiff Castellanos Lemes filed her CAA petition with USCIS while physically residing in Kissimmee, Florida, which confers jurisdiction on this Court. Plaintiff Castellanos Lemes was inspected and paroled into the United States at Hidalgo, Texas, on or about April 4, 2024, and has since

maintained continuous physical presence in the United States for a period now exceeding 25 months. On March 21, 2025, Plaintiff Castellanos Lemes timely filed her CAA petition (Receipt No. IOE0931140176), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Castellanos's CAA petition has been pending for approximately 14 months.

38. **Plaintiff Edrey Catala Defaus** is a native and citizen of Cuba. Plaintiff Catala Defaus filed his CAA petition with USCIS while physically residing in Apopka, Florida, which confers jurisdiction on this Court. Plaintiff Catala Defaus was inspected and admitted or paroled into the United States at Tampa, Florida, on or about November 19, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On November 29, 2024, Plaintiff Catala Defaus timely filed his CAA petition (Receipt No. MSC2590187367) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931026186) on March 27, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Catala Defaus's CAA petition has been pending for approximately 18 months, and his EAD petition for approximately 15 months.

39. **Plaintiff K.A.C.L** is a native and citizen of Cuba. Plaintiff K.A.C.L. is the biological child of Plaintiff Leon Alvarez. Plaintiff K.A.C.L. filed their CAA petition with USCIS while physically residing in Deltona, Florida, which confers jurisdiction on this Court. Plaintiff K.A.C.L. was inspected and admitted or paroled into the United States at Lukeville,

Arizona, on or about December 6, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On December 15, 2023, Plaintiff K.A.C.L. timely filed their CAA petition (Receipt No. MSC2490332936), and a corresponding EAD petition (Receipt No. MSC2490332937), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff K.A.C. L.'s CAA petition has been pending for approximately 30 months.

40. **Plaintiff Sherlyn Caraballo Leon** is a native and citizen of Cuba. Plaintiff Caraballo Leon filed her CAA petition with USCIS while physically residing in Deltona, Florida, which confers jurisdiction on this Court. Plaintiff Caraballo Leon was inspected and admitted or paroled into the United States at Lukeville, Arizona, on or about December 6, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On December 15, 2023, Plaintiff Caraballo Leon timely filed her CAA petition (Receipt No. MSC2490332938), and a corresponding EAD petition (Receipt No. MSC2490332939), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff Caraballo Leon's CAA petition has been pending for approximately 30 months.

41. **Plaintiff Carlos Manuel Cedeno Fuentes** is a native and citizen of Cuba. Plaintiff Cedeno Fuentes filed his CAA petition with USCIS while physically residing in Largo, Florida, which confers jurisdiction on this Court. Plaintiff Cedeno Fuentes was inspected and admitted or paroled into the United States at El Paso del Norte, Texas, on or about January 6, 2024, and

has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 14, 2025, Plaintiff Cedeno Fuentes timely filed his CAA petition (Receipt No. MSC2590282045), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Cedeno Fuentes's CAA petition has been pending for approximately 17 months.

42. **Plaintiff Pedro Alfredo Collazo Cruz** is a native and citizen of Cuba. Plaintiff Collazo Cruz filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Collazo Cruz was inspected and admitted or paroled into the United States at Orlando, Florida on or about July 11, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 10 months. On July 19, 2024, Plaintiff Collazo Cruz timely filed his CAA petition (Receipt No. MSC2490985534), and a corresponding EAD petition (Receipt No. IOE0932069148) on May 8, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Collazo Cruz's CAA petition has been pending for approximately 22 months, and his EAD petition for approximately 13 months.

43. **Plaintiff Rafael Correosa Hernandez** is a native and citizen of Cuba. Plaintiff Correosa Hernandez filed his CAA petition with USCIS while physically residing in Orlando, Florida which confers jurisdiction on this Court. Plaintiff Correosa Hernandez was inspected

and admitted or paroled into the United States at Hidalgo, Texas on or about June 22, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On June 27, 2025, Plaintiff Correosa Hernandez timely filed his CAA petition (Receipt No. IOE0932703302), and a corresponding EAD petition (Receipt No. IOE0932703303), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Correosa Hernandez's CAA and EAD petitions have been pending for approximately 12 months.

44. **Plaintiff Dalia Rosa Dalmau Lemus** is a native and citizen of Cuba. Plaintiff Dalmau Lemus filed her CAA petition with USCIS while physically residing in Brandon, Florida, which confers jurisdiction on this Court. Plaintiff Dalmau Lemus was inspected and admitted or paroled into the United States at Tampa, Florida, on or about January 27, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On February 19, 2025, Plaintiff Dalmau Lemus timely filed her CAA petition (Receipt No. MSC2590371821) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931391497) on April 15, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Dalmau Lemus's CAA petition has been pending for approximately 16 months, and her EAD petition for approximately 14 months.

45. **Plaintiff Juan Daniel De Urrutia Martinez** is a native and citizen of Cuba. Plaintiff De Urrutia filed his CAA petition with USCIS while physically residing in Cocoa, Florida, which confers jurisdiction on this Court. Plaintiff De Urrutia Martinez was inspected and admitted or paroled into the United States at Miami, Florida, on or about May 31, 2024, and has since maintained continuous physical presence in the United States for a period exceeding 2 years. On June 3, 2025, Plaintiff De Urrutia Martinez timely filed his CAA petition (Receipt No. IOE0932245293), and a corresponding EAD petition (Receipt No. IOE0932245294), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7.0 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff De Urrutia Martinez's CAA and EAD petitions have been pending for approximately 12 months.

46. **Plaintiff Liset Diaz Gonzalez** is a native and citizen of Cuba. Plaintiff Diaz Gonzalez filed her CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Diaz Gonzalez was inspected and admitted or paroled into the United States at Miami, Florida, on or about November 4, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On November 15, 2024, Plaintiff Diaz Gonzalez timely filed her CAA petition (Receipt No. MSC2590148286), and a corresponding EAD petition (Receipt No. IOE0931205894) on April 4, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Diaz Gonzalez's petition

has been pending for approximately 18 months, and her EAD petition for approximately 14 months.

47. **Plaintiff Yanetsy Diaz Mesa** is a native and citizen of Cuba. Plaintiff Diaz Mesa filed her CAA petition with USCIS while physically residing in Apopka, Florida, which confers jurisdiction on this Court. Plaintiff Diaz Mesa was inspected and admitted or paroled into the United States at Tampa, Florida, on or about January 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 27, 2025, Plaintiff Diaz Mesa timely filed her CAA petition (Receipt No. MSC2590313916) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931026187) on March 27, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Diaz Mesa's CAA petition has been pending for approximately 17 months, and her EAD petition for approximately 15 months.

48. **Plaintiff C.C.D., a minor**, is a native and citizen of Cuba. Plaintiff C.C.D. filed his CAA petition with USCIS while physically residing in Apopka, Florida, which confers jurisdiction on this Court. Plaintiff C.C.D. was inspected and admitted or paroled into the United States at Tampa, Florida, on or about January 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On January 27, 2025, Plaintiff C.C.D. timely filed his CAA petition (Receipt No. MSC2590338890), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485

applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff C.C.D.'s CAA petition has been pending for approximately 16 months.

49. **Plaintiff C.C.D., a minor,** is a native and citizen of Cuba. Plaintiff C.C.D. filed her CAA petition with USCIS while physically residing in Apopka, Florida, which confers jurisdiction on this Court. Plaintiff C.C.D. was inspected and admitted or paroled into the United States at Tampa, Florida, on or about January 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On January 27, 2025, Plaintiff C.C.D. timely filed her CAA petition (Receipt No. MSC2590338889), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff C.C.D.'s CAA petition has been pending for approximately 16 months.

50. **Plaintiff Adriano Dominguez Gonzalez** is a native and citizen of Cuba. Plaintiff Dominguez Gonzalez filed his CAA petition with USCIS while physically residing in St. Petersburg, Florida, which confers jurisdiction on this Court. Plaintiff Dominguez Gonzalez was inspected and admitted or paroled into the United States at Eagle Pass, Texas on or about July 20, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 11 months. On August 7, 2023, Plaintiff Dominguez Gonzalez timely filed his CAA petition (Receipt No. MCS2390735279) with USCIS, and a corresponding EAD petition (Receipt No. IOE0932819582) on July 3, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 this category was approximately 3.3 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Dominguez

Gonzalez's CAA petition has been pending for approximately 34 months, and his EAD petition for approximately 11 months.

51. **Plaintiff Elso Jairon Echemendia Roque** is a native and citizen of Cuba. Plaintiff Echemendia Roque filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Echemendia Roque was inspected and admitted or paroled into the United States at Tampa, Florida, on or about December 20, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 2, 2025, Plaintiff Echemendia Roque timely filed his CAA petition (Receipt No. MSC2590256061), and a corresponding EAD petition (Receipt No. IOE0934720196) on November 21, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Echemendia Roque's CAA petition has been pending for approximately 17 months, and his EAD petition for approximately 6 months.

52. **Plaintiff Lisandro Jose Espinosa Gobin** is a native and citizen of Cuba. Plaintiff Espinosa Gobin filed his CAA petition with USCIS while physically residing in Bradenton, Florida, which confers jurisdiction on this Court. Plaintiff Espinosa Gobin was inspected and admitted or paroled into the United States at Miami, Florida, on or about February 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On February 25, 2025, Plaintiff Espinosa Gobin timely filed his CAA petition (Receipt No. MSC2590387091). Plaintiff Espinosa Gobin filed a corresponding EAD petition on April 17, 2025 (Receipt No. IOE0931666426) based on his

prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Espinosa Gobin's CAA petition has been pending for approximately 16 months, and their EAD petition for approximately 14 months.

53. **Plaintiff Roxana Espinosa Sanchez** is a native and citizen of Cuba. Plaintiff Espinosa Sanchez filed her CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Espinosa Sanchez was inspected and admitted or paroled into the United States at Fort Lauderdale, Florida, on or about April 8, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 2 months. On April 15, 2024, Plaintiff Espinosa Sanchez timely filed her CAA petition (Receipt No. MSC2490677668), and a corresponding EAD petition (Receipt No. IOE0929386861) on January 3, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Espinosa's CAA petition has been pending for approximately 26 months, and her EAD petition for approximately 17 months.

54. **Plaintiff Yoel Estevez Garcia** is a native and citizen of Cuba. Plaintiff Estevez Garcia filed his CAA petition with USCIS while physically residing in Alva, Florida, which confers jurisdiction on this Court. Plaintiff Estevez Garcia was inspected and admitted or paroled into the United States at Dallas, Texas, on or about March 27, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3

years and 2 months. On April 17, 2024, Plaintiff Estevez Garcia timely filed his CAA petition (Receipt No. MSC2490679019), and a corresponding EAD petition (Receipt No. IOE0930273926) on February 7, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Estevez Garcia's CAA petition has been pending for approximately 26 months, and his EAD petition for approximately 16 months.

55. **Plaintiff Reynier Fernandez Begue** is a native and citizen of Cuba. Plaintiff Fernandez Begue filed his CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Fernandez Begue was inspected and paroled into the United States at San Ysidro, California on or about June 10, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On June 26, 2025, Plaintiff Fernandez Begue timely filed his CAA petition (Receipt No. IOE0932678129), and a corresponding EAD petition (Receipt No. IOE0932678130), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fernandez Begue's CAA and EAD petitions have been pending for approximately 12 months.

56. **Plaintiff Andres Fernandez Romay** is a native and citizen of Cuba. Plaintiff Fernandez Romay filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Fernandez Romay was inspected and

admitted or paroled into the United States at Tampa, Florida, on or about November 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On December 6, 2024, Plaintiff Fernandez Romay timely filed his CAA petition (Receipt No. MSC2590202019) with USCIS, and a corresponding EAD petition (Receipt No. IOE0930991917), based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fernandez Romay's CAA and EAD petitions have been pending for approximately 17 months.

57. **Plaintiff Maidelys Linet Fernandez Viera** is a native and citizen of Cuba. Plaintiff Fernandez Viera filed her CAA petition with USCIS while physically residing in Spring Hill, Florida, which confers jurisdiction on this Court. Plaintiff Fernandez Viera was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 23, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On August 30, 2024, Plaintiff Fernandez Viera timely filed her CAA petition (Receipt No. MSC2491010411) with USCIS. On March 14, 2025, Plaintiff Fernandez Viera filed a corresponding EAD petition (Receipt No. IOE0930713150) based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fernandez Viera’s CAA petition has been pending for approximately 22 months, and their EAD petition for approximately 15 months.

58. **Plaintiff Hidelberto Ferrer Suarez** is a native and citizen of Cuba. Plaintiff Ferrer Suarez filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Ferrer Suarez was inspected and admitted or paroled into the United States at Eagle Pass, Texas, on or about October 13, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 8 months. On January 2, 2024, Plaintiff Ferrer Suarez timely filed his CAA petition (Receipt No. MSC2490325520), and a corresponding EAD petition (Receipt No. MSC2490325521), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Ferrer Suarez's CAA petition has been pending for approximately 29 months.

59. **Plaintiff A.M.F.A., a minor,** is a native and citizen of Cuba. Plaintiff A.M.F.A is the biological child of Plaintiff Alonso Falcon. Plaintiff A.M.F.A. filed their CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff A.M.F.A was inspected and admitted or paroled into the United States at Miami, Florida, on or about November 10, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On December 20, 2024, Plaintiff A.M.F.A timely filed their CAA petition (Receipt No. MSC2590234411), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff A.M.F.A.'s CAA petition has been pending for approximately 18 months.

60. **Plaintiff Orlando Flores Vazquez** is a native and citizen of Cuba. Plaintiff Flores Vazquez filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Flores Vazquez was inspected and paroled into the United States at San Luis on or about December 12, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On January 12, 2024, Plaintiff Flores Vazquez timely filed his CAA petition (Receipt No. MSC2490421868) and a corresponding EAD petition (Receipt No. IOE0932304768) on June 6, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications in this category was approximately 4.6 months and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Flores Vazquez's CAA petition has been pending for approximately 29 months, and his EAD petition has been pending for approximately 12 months.

61. **Plaintiff Ocleivy Frankis Machado** is a native and citizen of Cuba. Plaintiff Frankis Machado filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Frankis Machado was inspected and admitted or paroled into the United States at Hidalgo, Texas, on or about July 5, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 15, 2025, Plaintiff Frankis Machado timely filed his CAA petition (Receipt No. IOE0932993361), and a corresponding EAD petition (Receipt No. IOE0932993362), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765

applications. As of the date of this Complaint, Plaintiff Frankis Machado's CAA and EAD petitions have been pending for approximately 11 months.

62. **Plaintiff Yilena Fuentes Calvi** is a native and citizen of Cuba. Plaintiff Fuentes Calvi filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Fuentes Calvi was inspected and admitted or paroled into the United States at Dallas, Texas, on or about May 13, 2023, and has since maintained continuous physical presence in the United States for a period exceeding 3 years. On May 17, 2024, Plaintiff Fuentes Calvi timely filed her CAA petition (Receipt No. MSC2490733940) with USCIS, based on their prima facie eligibility under the CAA. Plaintiff Fuentes Calvi filed a corresponding EAD petition with USCIS on April 17, 2025 (Receipt No. IOE0931420668). At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fuentes Calvi's CAA petition has been pending for approximately 24 months, and her EAD petition has been pending for approximately 14 months.

63. **Plaintiff Shaili Fuster Gomez** is a native and citizen of Cuba. Plaintiff Fuster Gomez filed her CAA petition with USCIS while physically residing in Fort Myers, Florida, which confers jurisdiction on this Court. Plaintiff Fuster Gomez was inspected and admitted or paroled into the United States at Yuma, Arizona on or about November 6, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On November 8, 2023, Plaintiff Fuster Gomez timely filed her CAA petition (Receipt No. MSC2490190847), and on June 6, 2025, a corresponding EAD petition (Receipt No. IOE0932329062) was filed with USCIS based on her prima facie eligibility under

the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 3.3 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fuster Gomez's CAA petition has been pending for approximately 31 months, and her EAD petition for approximately 12 months.

64. **Plaintiff Juan Carlos Garcia Garcia** is a native and citizen of Cuba. Plaintiff Garcia Garcia filed his CAA petition with USCIS while physically residing in Port Richey, Florida, which confers jurisdiction on this Court. Plaintiff Garcia Garcia was was inspected and admitted or paroled into the United States at San Ysidro, California on or about July 16, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 10 months. On July 25, 2025, Plaintiff Garcia Garcia, timely filed his CAA petition (Receipt No. IOE0933165913), and a corresponding EAD petition (Receipt No. IOE0933165914), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Garcia's CAA petition and EAD petitions have been pending for approximately 10 months.

65. **Plaintiff A.G.M.** is a native and citizen of Cuba. Plaintiff A.G.M. filed the CAA petition with USCIS while physically residing in Port Richey, Florida, which confers jurisdiction on this Court. Plaintiff A.G.M. was inspected and admitted or paroled into the United States at Miami, Florida on or about November 3, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On February 19, 2025, Plaintiff A.G.M. timely filed the CAA petition (Receipt No.

MSC2590399434), and a corresponding EAD petition (Receipt No. MSC2590399435), with USCIS, based on the prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff A.G.M.'s CAA and EAD petitions have been pending for approximately 15 months.

66. **Plaintiff A.G.M.** is a native and citizen of Cuba. Plaintiff A.G.M. is the eldest biological child of Plaintiff Garcia Garcia and Plaintiff Marquez Caseres. Plaintiff A.G.M. filed their CAA petition with USCIS while physically residing in Port Richey, Florida, which confers jurisdiction on this Court. Plaintiff A.G.M. was inspected and admitted or paroled into the United States at Miami, Florida, on or about November 3, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On February 19, 2025, Plaintiff A.G.M. timely filed their CAA petition (Receipt No. MSC2590399438), and a corresponding EAD petition (Receipt No. MSC2590399439), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff A.G.M.'s CAA and EAD petitions have been pending for approximately 15 months.

67. **Plaintiff Belkis Garcia Armas** is a native and citizen of Cuba. Plaintiff Garcia Armas filed her CAA petition with USCIS while physically residing in Zephyrhills, Florida, which confers jurisdiction on this Court. Plaintiff Garcia Armas was inspected and admitted or paroled into the United States at Tampa, Florida on or about June 4, 2024, and has since

maintained continuous physical presence in the United States for a period now exceeding 2 years. On June 11, 2025, Plaintiff Garcia Armas timely filed her CAA petition (Receipt No. IOE0932497500) and a corresponding EAD petition (Receipt No. IOE0932497501), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Garcia Armas's CAA and EAD petitions have been pending for approximately 12 months.

68. **Plaintiff Alisson De la Caridad Garcia Hurtado** is a native and citizen of Cuba. Plaintiff Garcia Hurtado filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Garcia Hurtado was inspected and admitted or paroled into the United States at Tampa, Florida on or about July 28, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On August 5, 2025, Plaintiff Garcia Hurtado timely filed her CAA petition (Receipt No. IOE0933296023), and a corresponding EAD petition (Receipt No. IOE09332966024), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Garcia Hurtado's CAA and EAD petitions have been pending for approximately 10 months.

69. **Plaintiff Adonys Garcia Rivera** is a native and citizen of Cuba. Plaintiff Garcia Rivera filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Garcia Rivera was inspected and admitted or paroled

into the United States at Tampa, Florida, on or about February 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 3 months. On March 27, 2024, Plaintiff Garcia Rivera timely filed his CAA petition (Receipt No. MSC2490612892) and a corresponding EAD petition (Receipt No. IOE0929879214) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Garcia Rivera's CAA petition has been pending for approximately 26 months, and his EAD petition for approximately 16 months.

70. **Plaintiff Adalberto Jesus Gaston Limonta** is a native and citizen of Cuba. Plaintiff Gaston Limonta filed his CAA petition with USCIS while physically residing in Cocoa, Florida, which confers jurisdiction on this Court. Plaintiff Gaston Limonta was inspected and admitted or paroled into the United States at El Paso, Texas, on or about April 4, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On April 23, 2025, Plaintiff Gaston Limonta timely filed his CAA petition (Receipt No. IOE0931537179), and a corresponding EAD petition (Receipt No. IOE0932308955), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gaston Limonta's CAA and EAD petitions have been pending for approximately 14 months.

71. **Plaintiff Jesus Gerardo Alvarez** is a native and citizen of Cuba. Plaintiff Gerardo Alvarez filed his CAA petition with USCIS while physically residing in Orlando, Florida,

which confers jurisdiction on this Court. Plaintiff Gerardo Alvarez was inspected and admitted or paroled into the United States at San Isidro, California, on or about December 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On December 27, 2024, Plaintiff Gerardo Alvarez timely filed his CAA petition (Receipt No. MSC2590248604), and a corresponding EAD petition (Receipt No. IOE0931476528), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gerardo Alvarez's CAA and EAD petitions have been pending for approximately 17 months.

72. **Plaintiff Miguel Antonio Gomez Wittemberg** is a native and citizen of Cuba. Plaintiff Gomez Wittemberg filed his CAA petition with USCIS while physically residing in Bradenton, Florida, which confers jurisdiction on this Court. Plaintiff Gomez Wittemberg was inspected and admitted or paroled into the United States at El Paso, Texas on or about November 23, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On December 12, 2024, Plaintiff Gomez Wittemberg timely filed his CAA petition (Receipt No. MSC2590233459), and a corresponding EAD petition (Receipt No. IOE0932974927) on July 14, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gomez Wittemberg's CAA petition has been pending for approximately 18 months, and his EAD petition for approximately 11 months.

73. **Plaintiff Adalberto Gonzalez Enamorado** is a native and citizen of Cuba. Plaintiff Gonzalez Enamorado filed his CAA petition with USCIS while physically residing in El Paso, Texas, which confers jurisdiction on this Court. Plaintiff Gonzalez Enamorado was inspected and admitted into the United States at El Paso, Texas, on or about July 27, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 years and 9 months. On August 1, 2025, Plaintiff Gonzalez Enamorado timely filed his CAA petition (Receipt No. IOE0933254215,), and a corresponding EAD petition (Receipt No. IOE0933254216), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gonzalez Enamorado's CAA and EAD petitions have been pending for approximately 22 months.

74. **Plaintiff Reynier Gonzalez Lion** is a native and citizen of Cuba. Plaintiff Gonzalez Lion filed his CAA petition with USCIS while physically residing in Live Oak, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Lion was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about November 6, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On November 15, 2024, Plaintiff Gonzalez Lion timely filed his CAA petition (Receipt No. MSC2590146781) with USCIS. On April 3, 2025, Plaintiff Gonzalez Lion filed a corresponding EAD petition (Receipt No. IOE0931159304) based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint,

Plaintiff Gonzalez Lion's CAA petition has been pending for approximately 19 months, and their EAD petition for approximately 14 months.

75. **Plaintiff Octavio Eudines Gonzalez Lores** is a native and citizen of Cuba. Plaintiff Gonzalez Lores filed his CAA petition with USCIS while physically residing in Sarasota, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Lores was inspected and admitted or paroled into the United States at Calexico, California, on or about December 24, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 5 months. On January 8, 2024, Plaintiff Gonzalez Lores timely filed his CAA petition (Receipt No. MSC2490341210) with USCIS based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Gonzalez Lores's CAA petition has been pending for approximately 30 months.

76. **Plaintiff Alejandro Jose Gonzalez Porto** is a native and citizen of Cuba. Plaintiff Gonzalez Porto filed his CAA petition with USCIS while physically residing in Kissimmee, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Porto was inspected and admitted or paroled into the United States at Miami, Florida, on or about July 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 9 months. On September 2, 2025, Plaintiff Gonzalez Porto timely filed his CAA petition (Receipt No. IOE0933654480), and a corresponding EAD petition (Receipt No. IOE0933654481), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765

applications. As of the date of this Complaint, Plaintiff Gonzalez Porto's CAA and EAD petitions have been pending for approximately 9 months.

77. **Plaintiff Anaisis Gonzalez Reyes** is a native and citizen of Cuba. Plaintiff Gonzalez Reyes filed her CAA petition with USCIS while physically residing in Orlando, Florida which confers jurisdiction on this Court. Plaintiff Gonzalez Reyes was inspected and admitted or paroled into the United States at Hidalgo, Texas on or about June 22, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On June 27, 2025, Plaintiff Gonzalez Reyes timely filed her CAA petition (Receipt No. IOE0932703300), and a corresponding EAD petition (Receipt No. IOE0932703301), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gonzalez Reyes's CAA and EAD petitions have been pending for approximately 12 months.

78. **Plaintiff Maikel Jordan Gonzalez Quintero** is a native and citizen of Cuba. Plaintiff Gonzalez Quintero filed her CAA petition with USCIS while physically residing in Bradenton, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Quintero was inspected and admitted into the United States at Miami, Florida on or about March 18, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding two years and one months. On March 25, 2025, Plaintiff Gonzalez Quintero timely filed his CAA petition (Receipt No. IOE0930968320), and a corresponding EAD petition (Receipt No. IOE0930968321), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gonzalez Quintero's CAA petition and EAD petitions have been pending for approximately 14 months.

79. **Plaintiff Carlos Gonzalez Tan** is a native and citizen of Cuba. Plaintiff Gonzalez Tan filed his CAA petition with USCIS while physically residing in Lehigh Acres, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Tan was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 8, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On June 14, 2024, Plaintiff Gonzalez Tan timely filed his CAA petition (Receipt No. MSC2490806210). On March 7, 2025, Plaintiff Gonzalez Tan filed a corresponding EAD petition (Receipt No. IOE0930623538), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gonzalez Tan's CAA petition has been pending for approximately 24 months, and his EAD petition for approximately 15 months.

80. **Plaintiff Emilio Gonzalez Valdivia** is a native and citizen of Cuba. Plaintiff Gonzalez Valdivia filed his CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Valdivia was inspected and admitted or paroled into the United States at Calexico, California, on or about July 18, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 25, 2025, Plaintiff Gonzalez Valdivia timely filed his CAA petition (Receipt No. IOE0933154229), and a corresponding EAD petition (Receipt No.

IOE0933154230), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Gonzalez Valdivia's CAA petition and EAD petitions have been pending for approximately 10 months.

81. **Plaintiff Lucas Gonzalez Vitier** is a native and citizen of Cuba. Plaintiff Gonzalez Vitier filed his CAA petition with USCIS while physically residing in Kissimmee, Florida, which confers jurisdiction on this Court. Plaintiff Gonzalez Vitier was inspected and admitted or paroled into the United States at Miami, Florida, on or about July 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 2, 2025, Plaintiff Gonzalez Vitier timely filed his CAA petition (Receipt No. IOE0933070751), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Gonzalez Vitier's CAA petition has been pending for approximately 11 months.

82. **Plaintiff Sara Carolina Guerra Fernandez** is a native and citizen of Cuba. Plaintiff Guerra Fernandez filed her CAA petition with USCIS while physically residing in Miami, Florida, which confers jurisdiction on this Court. Plaintiff Guerra Fernandez was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 6, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On July 13, 2024, Plaintiff Guerra timely filed her CAA petition (Receipt No. MSC2490967860), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Guerra Fernandez's CAA petition has been pending for approximately 24 months.

83. **Plaintiff Ilsa Isnelda Guevara Zaldivar** is a native and citizen of Cuba. Plaintiff Guevara Zaldivar filed her CAA petition with USCIS while physically residing in Miami, Florida, which confers jurisdiction on this Court. Plaintiff Guevara Zaldivar was inspected and admitted or paroled into the United States at Miami, Florida, on or about January 2, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On March 28, 2025, Plaintiff Guevara Zaldivar timely filed her CAA petition (Receipt No. IOE0931060536), and a corresponding EAD petition (Receipt No. IOE0931060537), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Guevara Zaldivar's CAA petition has been pending for approximately 15 months.

84. **Plaintiff Nayla Tamara Grinan Leyva** is a native and citizen of Cuba. Plaintiff Grinan Leyva filed her CAA petition with USCIS while physically residing in Orlando, Florida, which confers jurisdiction on this Court. Plaintiff Grinan Leyva was inspected and admitted or paroled into the United States at San Ysidro, California on or about September 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 9 months. On September 18, 2025, Plaintiff Grinan Leyva timely filed her CAA petition (Receipt No. IOE0933860999), and a corresponding EAD petition (Receipt No. IOE0933861000), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485

applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Grinan Leyva's CAA and EAD petitions have been pending for approximately 9 months.

85. **Plaintiff Carlos Alberto Hernandez Bernal** is a native and citizen of Cuba. Plaintiff Hernandez Bernal filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Hernandez Bernal was inspected and admitted or paroled into the United States at Tampa, Florida, on or about December 9, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 6 months. On December 27, 2024, Plaintiff Hernandez Bernal timely filed his CAA petition (Receipt No. MSC2590245427) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931610310) on April 11, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Hernandez's CAA petition has been pending for approximately 18 months, and his EAD petition for approximately 14 months.

86. **Plaintiff Wendy Hernandez Salazar** is a native and citizen of Cuba. Plaintiff Hernandez Salazar filed her CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Hernandez Salazar was inspected and admitted or paroled into the United States at Miami, Florida on or about May 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On May 17, 2024, Plaintiff Hernandez Salazar timely filed her CAA petition (Receipt No. MSC2490819074), and a corresponding EAD petition (Receipt No. MSC2490819075),

with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Hernandez Salazar's CAA petition has been pending for approximately 25 months.

87. **Plaintiff D.H.P** is a native and citizen of Cuba. Plaintiff D.H.P. filed the CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff D.H.P. was inspected and admitted or paroled into the United States at Miami, Florida on or about August 15, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On August 30, 2024, Plaintiff D.H.P. timely filed the CAA petition (Receipt No. MSC2491008035), and a corresponding EAD petition (Receipt No. IOE0931124099) on April 1, 2025, with USCIS, based on the prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff D.H.P's CAA petition has been pending for approximately 19 months, and the EAD petition for approximately 14 months.

88. **Plaintiff Maritza Jardines Rodriguez** is a native and citizen of Cuba. Plaintiff Jardines Rodriguez filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Jardines Rodriguez was inspected and admitted or paroled into the United States at Tampa, Florida, on or about February 17, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On February 25, 2025, Plaintiff Jardines Rodriguez timely filed her CAA petition (Receipt No. MSC2590384454), and a corresponding EAD petition (Receipt No. MSC2590384455), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Jardines Rodriguez's CAA petition and EAD petitions have been pending for approximately 16 months.

89. **Plaintiff Adel Jomarron Moreira** is a native and citizen of Cuba. Plaintiff Jomarron Moreira filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Jomarron Moreira was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about April 7, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 2 months. On April 16, 2025, Plaintiff Jomarron Moreira timely filed his CAA petition (Receipt No. IOE0931414857) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931414858), based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Jomarron Moreira’s CAA and EAD petitions have been pending for approximately 14 months.

90. **Plaintiff Adalberto Lago Boscoso** is a native and citizen of Cuba. Plaintiff Lago Boscoso filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Lago Boscoso was inspected and admitted or paroled into the United States at Hidalgo, Texas, on or about September 26, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On October 7, 2024, Plaintiff Lago Boscoso timely filed his CAA petition (Receipt No. MSC2590026201) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931272699) on April 9, 2025, based on his prima facie eligibility under the CAA. At the

time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Lago Boscoso's CAA petition has been pending for approximately 20 months, and his EAD petition for approximately 14 months.

91. **Plaintiff Eduardo Eduardo Lago Clemente** is a native and citizen of Cuba. Plaintiff Lago Clemente filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Lago Clemente was inspected and admitted or paroled into the United States at Fort Lauderdale, Florida, on or about February 10, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On April 2, 2025, Plaintiff Lago Clemente timely filed his CAA petition (Receipt No. IOE0931407681), and a corresponding EAD petition (Receipt No. IOE0931407682), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Lago Clemente's CAA and EAD petitions have been pending for approximately 14 months.

92. **Plaintiff Yasunay Leon Alvarez** is a native and citizen of Cuba. Plaintiff Leon Alvarez filed her CAA petition with USCIS while physically residing in Deltona, Florida, which confers jurisdiction on this Court. Plaintiff Leon Alvarez was inspected and admitted or paroled into the United States at Lukeville, Arizona, on or about December 6, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On December 15, 2023, Plaintiff Leon Alvarez timely filed her CAA

petition (Receipt No. MSC2490332934), and a corresponding EAD petition (Receipt No. MSC2490332935), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff Leon Alvarez's CAA petition has been pending for approximately 30 months.

93. **Plaintiff Dennis Lucas Guzman** is a native and citizen of Cuba. Plaintiff Lucas Guzman filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Lucas Guzman was inspected and admitted or paroled into the United States at El Paso, Texas, on or about November 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On November 19, 2024, Plaintiff Lucas Guzman timely filed his CAA petition (Receipt No. MSC2590152322) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931320686) on April 11, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Lucas Guzman’s CAA petition has been pending for approximately 19 months, and his EAD petition for approximately 14 months.

94. **Plaintiff Abeniley Manso Napoles** is a native and citizen of Cuba. Plaintiff Manso Napoles filed her CAA petition with USCIS while physically residing in Bradenton, Florida, which confers jurisdiction on this Court. Plaintiff Manso Napoles was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 25, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2

years and 2 months. On May 6, 2025, Plaintiff Manso Napoles timely filed her CAA petition (Receipt No. IOE0931781011), and a corresponding EAD petition (Receipt No. IOE0931781012), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications in this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Manso Napoles's CAA petition and EAD petitions have been pending for approximately 13 months.

95. **Plaintiff Rafael Reynaldo Martinez Cabrera** is a native and citizen of Cuba. Plaintiff Martinez Cabrera filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Martinez Cabrera was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 2 months. On April 25, 2025, Plaintiff Martinez Cabrera timely filed his CAA petition (Receipt No. IOE0931581172), and a corresponding EAD petition (Receipt No. IOE0931581173) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Martinez Cabrera's CAA and EAD petitions have been pending for approximately 14 months.

96. **Plaintiff T.M.R., a minor,** is a native and citizen of Cuba. Plaintiff T.M.R. filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff T.M.R. was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 19, 2024, and has since maintained

continuous physical presence in the United States for a period now exceeding 2 years. On April 25, 2025, Plaintiff T.M.R. timely filed his CAA petition (Receipt No. IOE0931588715), and a corresponding EAD petition (Receipt No. IOE0931588716) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff T.M.R.'s CAA petition has been pending for approximately 13 months.

97. **Plaintiff Doanny Martinez Diaz** is a native and citizen of Cuba. Plaintiff Martinez Diaz filed his CAA petition with USCIS while physically residing in Brandon, Florida, which confers jurisdiction on this Court. Plaintiff Martinez Diaz was inspected and admitted or paroled into the United States at Tampa, Florida, on or about January 27, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On February 19, 2025, Plaintiff Martinez Diaz timely filed his CAA petition (Receipt No. MSC2590371820) with USCIS, and a corresponding EAD petition (Receipt No. IOE0931391497) on April 15, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Martinez Diaz's CAA petition has been pending for approximately 16 months, and his EAD petition for approximately 14 months.

98. **Plaintiff Yunior Martin Torres** is a native and citizen of Cuba. Plaintiff Martin Torres filed his CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Martin Torres was inspected and admitted or

paroled into the United States at Fort Lauderdale, Florida, on or about April 8, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On April 15, 2024, Plaintiff Martin Torres timely filed his CAA petition (Receipt No. MSC2490678101) with USCIS. On January 3, 2025, Plaintiff Martin Torres filed a corresponding EAD petition (Receipt No. IOE0929381137) based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Martin Torres' CAA petition has been pending for approximately 26 months, and his EAD petition for approximately 17 months.

99. **Plaintiff Odaymis Marquez Caseres** is a native and citizen of Cuba. Plaintiff Marquez Caseres filed her CAA petition with USCIS while physically residing in Port Richey, Florida, which confers jurisdiction on this Court. Plaintiff Marquez Caseres was inspected and admitted or paroled into the United States at Miami, Florida on or about November 3, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On February 19, 2025, Plaintiff Marquez Caseres timely filed her CAA petition (Receipt No. MSC2590399436), and a corresponding EAD petition (Receipt No. MSC2590399437), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Marquez's CAA and EAD petitions have been pending for approximately 15 months.

100. **Plaintiff Alejandro Morales Perez** is a native and citizen of Cuba. Plaintiff Morales Perez filed his CAA petition with USCIS while physically residing in Fort Myers, Florida, which confers jurisdiction on this Court. Plaintiff Morales Perez was inspected and admitted or paroled into the United States at Miami, Florida, on or about March 27, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 2, 2025, Plaintiff Morales Perez timely filed his CAA petition (Receipt No. IOE0931127696), and a corresponding EAD petition (Receipt No. IOE0931127696), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time was approximately 7 months for Form I-485 applications of this category, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Morales Perez's CAA petition and EAD petitions have been pending for approximately 14 months.

101. **Plaintiff Marcel Mendez Farinas** is a native and citizen of Cuba. Plaintiff Mendez Farinas filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Mendez Farinas was inspected and admitted or paroled into the United States at Tampa, Florida, on or about February 10, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On February 14, 2025, Plaintiff Mendez Farinas timely filed his CAA petition (Receipt No. MSC2590365564), and a corresponding EAD petition (Receipt No. IOE0936089513) on March 9, 2026, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 4.3 months

for Form I-765 applications. As of the date of this Complaint, Plaintiff Mendez Farinas' CAA petition has been pending for approximately 16 months.

102. **Plaintiff Richard Mesa Tur** is a native and citizen of Cuba. Plaintiff Mesa Tur filed his CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff Mesa Tur was inspected and admitted or paroled into the United States at Miami, Florida on or about April 26, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 2 months. On May 22, 2024, Plaintiff Mesa Tur timely filed his CAA petition (Receipt No. MSC2490744398), and a corresponding EAD petition (Receipt No. IOE0930692064) on February 10, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Mesa Tur's CAA petition has been pending for approximately 25 months, and his EAD petition for approximately 16 months.

103. **Plaintiff Yohander Mir Viamontes** is a native and citizen of Cuba. Plaintiff Mir Viamontes filed his CAA petition with USCIS while physically residing in Holiday, Florida, which confers jurisdiction on this Court. Plaintiff Mir Viamontes was inspected and admitted or paroled into the United States at Tampa, Florida on or about March 26, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 18, 2025, Plaintiff Mir Viamontes timely filed his CAA petition (Receipt No. IOE0931464603), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Mir's CAA petition has been pending for approximately 14 months.

104. **Plaintiff Yosley Mesa Perez** is a native and citizen of Cuba. Plaintiff Moya Perez filed his CAA petition with USCIS while physically residing in Orlando, Florida, which confers jurisdiction on this Court. Plaintiff Moya Perez was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 25, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 10 months. On September 17, 2024, Plaintiff Moya Perez timely filed his CAA petition (Receipt No. MSC2491044722), and a corresponding EAD petition (Receipt No. IOE0931237614) on April 7, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I- 485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Moya Perez's CAA petition has been pending for approximately 21 months, and his EAD petition for approximately 14 months.

105. **Plaintiff Reinier Noda Villalon** is a native and citizen of Cuba. Plaintiff Noda Villalon filed his CAA petition with USCIS while physically residing in Miami, Florida, which confers jurisdiction on this Court. Plaintiff Noda Villalon was inspected and admitted or paroled into the United States at Florida on or about January 2, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On March 25, 2025, Plaintiff Noda Villalon timely filed his CAA petition (Receipt No. IOE0930986758), and a corresponding EAD petition (Receipt No. IOE0930986759), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was

approximately 7 months. As of the date of this Complaint, Plaintiff Noda Villalon's CAA petition has been pending for approximately 15 months.

106. **Plaintiff Luis Daniel Nunez Linares** is a native and citizen of Cuba. Plaintiff Nunez Linares filed his CAA petition with USCIS while physically residing in Deltona, Florida, which confers jurisdiction on this Court. Plaintiff Nunez Linares was inspected and admitted into the United States at Hidalgo, Texas, on or about February 5, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On February 7, 2025, Plaintiff Nunez Linares timely filed his CAA petition (Receipt No. MSC2590347967), and on June 6, 2025, filed a corresponding EAD petition (Receipt No. IOE0932319264) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications in this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Nunez Linares's CAA petition has been pending for approximately 16 months, and his EAD petition has been pending for approximately 12 months.

107. **Plaintiff Richard Ochoa Palomino** is a native and citizen of Cuba. Plaintiff Ochoa Palomino filed his CAA petition with USCIS while physically residing in Brandon, Florida, which confers jurisdiction on this Court. Plaintiff Ochoa Palomino was inspected and admitted or paroled into the United States at Tampa, Florida, on or about April 22, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 2 months. On April 30, 2024, Plaintiff Ochoa Palomino timely filed his CAA petition (Receipt No. MSC2490780393), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Ochoa Palomino's CAA petition has been pending for approximately 25 months.

108. **Plaintiff Lazaro Diosvany Olivera Dopico** is a native and citizen of Cuba. Plaintiff Olivera Dopico filed his CAA petition with USCIS while physically residing in Ocala, Florida, which confers jurisdiction on this Court. Plaintiff Olivera Dopico was inspected and admitted into the United States at Atlanta, Georgia, on or about January 25, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 6 months. On October 25, 2024, Plaintiff Olivera Dopico timely filed his CAA petition (Receipt No. MSC2490451674), and a corresponding EAD petition (Receipt No. IOE0928371728), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Olivera Dopico's CAA and EAD petitions have been pending for approximately 21 months.

109. **Plaintiff Luis Angel Ortiz Alejo** is a native and citizen of Cuba. Plaintiff Ortiz Alejo filed his CAA petition with USCIS while physically residing in Orlando, Florida, which confers jurisdiction on this Court. Plaintiff Ortiz Alejo was inspected and admitted or paroled into the United States at Laredo, Texas, on or about December 31, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On January 6, 2025, Plaintiff Ortiz Alejo timely filed his CAA petition (Receipt No. MSC2590263743), and a corresponding EAD petition (Receipt No. IOE0930774723), with USCIS, based on his prima facie eligibility under the CAA. At the time

of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Ortiz Alejo’s CAA and EAD petitions have been pending for approximately 17 months.

110. **Plaintiff Javier Otero Gomez** is a native and citizen of Cuba. Plaintiff Otero Gomez filed his CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Otero Gomez was inspected and admitted or paroled into the United States at Miami, Florida, on or about March 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On March 17, 2025, Plaintiff Otero Gomez timely filed his CAA petition (Receipt No. IOE0930804868) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Otero Gomez's CAA petition has been pending for approximately 15 months.

111. **Plaintiff Liban Otero Gomez** is a native and citizen of Cuba. Plaintiff Otero Gomez filed the CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Otero Gomez was inspected and admitted or paroled into the United States at Miami, Florida, on or about March 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On March 17, 2025, Plaintiff Otero Gomez timely filed his CAA petition (Receipt No. IOE0930804870), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Otero Gomez's CAA petition has been pending for approximately 15 months.

112. **Plaintiff Bryan Ortiz Arencibia** is a native and citizen of Cuba. Plaintiff Ortiz Arencibia filed his CAA petition with USCIS while physically residing in Lehigh Acres, Florida, which confers jurisdiction on this Court. Plaintiff Ortiz Arencibia was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 2 months. On April 23, 2025, Plaintiff Ortiz Arencibia timely filed his CAA petition (Receipt No. IOE0931526620), and a corresponding EAD petition (Receipt No. IOE0931526621), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Ortiz Arencibia's CAA petition and EAD petitions have been pending for approximately 13 months.

113. **Plaintiff Danay Ojeda Yerbilla** is a native and citizen of Cuba. Plaintiff Ojeda Yerbilla filed her CAA petition with USCIS while physically residing in Naples, Florida which confers jurisdiction on this Court. Plaintiff Ojeda Yerbilla was inspected and admitted or paroled into the United States at Miami, Florida on or about August 19, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On August 29, 2024, Plaintiff Ojeda Yerbilla timely filed her CAA petition (Receipt No. MSC2491002392), and a corresponding EAD petition (Receipt No. IOE0930251429) on February 07, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Ojeda Yerbilla's

CAA petition has been pending for approximately 20 months, and her EAD petition for approximately 15 months.

114. **Plaintiff Armando Palacio Duran** is a native and citizen of Cuba. Plaintiff Palacio Duran filed his CAA petition with USCIS while physically residing in Orlando, Florida, which confers jurisdiction on this Court. Plaintiff Palacio Duran was inspected and admitted or paroled into the United States at Miami, Florida, on or about February 8, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On May 27, 2025, Plaintiff Palacio Duran timely filed his CAA petition (Receipt No. IOE0932125831), and a corresponding EAD petition (Receipt No. IOE0932125832), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Palacio Duran's CAA petition and EAD petitions have been pending for approximately 13 months.

115. **Plaintiff Dayron Omar Penate Perez** is a native and citizen of Cuba. Plaintiff Penate Perez filed his CAA petition with USCIS while physically residing in Valrico, Florida, which confers jurisdiction on this Court. Plaintiff Penate Perez was inspected and admitted or paroled into the United States at Miami, Florida, on or about December 22, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 6 months. On December 27, 2024, Plaintiff Penate Perez timely filed their CAA petition (Receipt No. MSC2590246071), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this

Complaint, Plaintiff Penate Perez's CAA petition has been pending for approximately 18 months.

116. **Plaintiff Maria Celia Perdomo Soto** is a native and citizen of Cuba. Plaintiff Perdomo Soto filed her CAA petition with USCIS while physically residing in Kissimmee, Florida, which confers jurisdiction on this Court. Plaintiff Perdomo Soto was inspected and admitted or paroled into the United States at Tampa, Florida, on or about February 10, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 4 months. On March 29, 2024, Plaintiff Perdomo Soto timely filed her CAA petition (Receipt No. MSC2490629566) and a corresponding EAD petition (Receipt No. MSC2490629567) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Perdomo Soto's CAA petition has been pending for approximately 26 months.

117. **Plaintiff Adrian Perez Borges** is a native and citizen of Cuba. Plaintiff Perez Borges filed his CAA petition with USCIS while physically residing in Middleburg, Florida, which confers jurisdiction on this Court. Plaintiff Perez Borges was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about April 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On April 23, 2025, Plaintiff Perez Borges timely filed his CAA petition (Receipt No. IOE0931528530), and a corresponding EAD petition (Receipt No. IOE0931528531), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and 2.2 months for Form I-765 applications. As of the date of this

Complaint, Plaintiff Perez Borges's CAA and EAD petitions have been pending for approximately 14 months.

118. **Plaintiff Adrian Perez Nodar** is a native and citizen of Cuba. Plaintiff Perez Nodar filed his CAA petition with USCIS while physically residing in St. Petersburg, Florida, which confers jurisdiction on this Court. Plaintiff Perez Nodar was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about June 22, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On September 2, 2025, Plaintiff Perez Nodar timely filed his CAA petition (Receipt No. IOE0933651915), and a corresponding EAD petition (Receipt No. IOE0933651916), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Perez Nodar's CAA and EAD petitions have been pending for approximately 9 months.

119. **Plaintiff Adel Perez Sosa** is a native and citizen of Cuba. Plaintiff Perez Sosa filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Perez Sosa was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about September 21, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On November 19, 2024, Plaintiff Perez Sosa timely filed their CAA petition (Receipt No. MSC2590152679) and a corresponding EAD petition (Receipt No. IOE0931712087) on May 2, 2025, with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this

category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Perez Sosa's CAA petition has been pending for approximately 19 months, and their EAD petition for approximately 13 months.

120. **Plaintiff Junior Portales Lopez** is a native and citizen of Cuba. Plaintiff Portales Lopez filed his CAA petition with USCIS while physically residing in Orlando, Florida, which confers jurisdiction on this Court. Plaintiff Portales Lopez was inspected and admitted or paroled into the United States at Orlando, Florida, on or about November 5, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On November 8, 2024, Plaintiff Portales Lopez timely filed his CAA petition (Receipt No. MSC2590121199) and, on June 20, 2025, a corresponding EAD petition (Receipt No. IOE0932600575) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications in this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Portales Lopez's CAA petition has been pending for approximately 19 months, and his EAD petition for approximately 11 months.

121. **Plaintiff Yolange Pupo Perez** is a native and citizen of Cuba. Plaintiff Pupo Perez filed the CAA petition with USCIS while physically residing in Largo, Florida, which confers jurisdiction on this Court. Plaintiff Pupo Perez was inspected and admitted or paroled into the United States at Paso del Norte, Texas, on or about January 6, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 17, 2025, Plaintiff Pupo Perez timely filed his CAA petition (Receipt No. MSC2590288089), with USCIS, based on his prima facie eligibility under the CAA. At the

time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Pupo Perez's CAA petition has been pending for approximately 17 months.

122. **Plaintiff Gretel Ramirez Perdomo** is a native and citizen of Cuba. Plaintiff Ramirez Perdomo filed her CAA petition with USCIS while physically residing in Kissimmee, Florida, which confers jurisdiction on this Court. Plaintiff Ramirez Perdomo was inspected and admitted or paroled into the United States at Tampa, Florida, on or about February 10, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 4 months. On March 29, 2024, Plaintiff Ramirez Perdomo timely filed her CAA petition (Receipt No. MSC2490628400), and a corresponding EAD petition (Receipt No. MSC2490628401), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Ramirez Perdomo's CAA petition has been pending for approximately 27 months.

123. **Plaintiff Raulice Ramirez Martinez** is a native and citizen of Cuba, Plaintiff Ramirez filed the CAA petition with USCIS while physically residing in Richmond, Texas, which confers jurisdiction on this Court. Plaintiff Ramirez Martinez was inspected and admitted or paroled into the United States at Key West, FL on or about October 16, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On November 2023, Plaintiff Ramirez Martinez timely filed his CAA petition (Receipt No. MSC2490286740, and a corresponding EAD petition (Receipt No. IOE0929896709), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of

this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff Ramirez Martinez's CAA petition has been pending for approximately 30 months.

124. **Plaintiff I.R.B. a minor,** is a native and citizen of Cuba. Plaintiff I.R.B. is the biological child of Plaintiff Juliet Borges Cabrera. Plaintiff I.R.B. filed their CAA petition with USCIS while physically residing in Jacksonville, Florida, which confers jurisdiction on this Court. Plaintiff I.R.B. was inspected and admitted or paroled into the United States at Miami, Florida, on or about March 15, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On April 14, 2025, Plaintiff I.R.B. timely filed her CAA petition (Receipt No. IOE0930984858), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff I.R.B.'s CAA petition has been pending for approximately 14 months.

125. **Plaintiff Ruben Eliser Ramos Chaviano** is a native and citizen of Cuba. Plaintiff Ramos Chaviano filed his CAA petition with USCIS while physically residing in Winter Haven, Florida, which confers jurisdiction on this Court. Plaintiff Ramos Chaviano was inspected and admitted or paroled into the United States at Tampa, Florida on or about June 20, 2024, and has since maintained continuous physical presence in the United States for a period nearly exceeding 2 years. On June 27, 2025, Plaintiff Ramos Chaviano timely filed his CAA petition (Receipt No. IOE0932700469), and a corresponding EAD petition (Receipt No. IOE0932700470), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7.0 months, and approximately 2.2 months for Form I-765

applications. As of the date of this Complaint, Plaintiff Ramos Chaviano's CAA and EAD petitions have been pending for approximately 12 months.

126. **Plaintiff Roberto Reguiera Vega** is a native and citizen of Cuba. Plaintiff Regueira Vega filed his CAA petition with USCIS while physically residing in Davenport, Florida, which confers jurisdiction on this Court. Plaintiff Regueira Vega was inspected and admitted or paroled into the United States at Eagle Pass, Texas, on or about December 7, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 6 months. On December 14, 2023, Plaintiff Regueira Vega timely filed his CAA petition (Receipt No. MSC2490267302), and a corresponding EAD petition (Receipt No. IOE0929397183) on December 19, 2024, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Regueira Vega's CAA petition has been pending for approximately 30 months, and his EAD petition for approximately 18 months.

127. **Plaintiff Lazara Rizo Perez** is a native and citizen of Cuba. Plaintiff Rizo Perez filed her CAA petition with USCIS while physically residing in Lehigh Acres, Florida, which confers jurisdiction on this Court. Plaintiff Rizo Perez was inspected and admitted into the United States at Miami, Florida on or about August 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding two years and 10 months. On September 5, 2024, Plaintiff Rizo Perez timely filed her CAA petition (Receipt No. MSC2590015959), with USCIS, and a corresponding EAD petition (Receipt No. IOE0931693337) on April 15, 2025, based on her prima facie eligibility under the CAA. At the

time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rizo Perez's CAA petition has been pending for approximately 21 months, and her EAD petition for approximately 14 months.

128. **Plaintiff Jesus Javier Rodriguez Cabrera** is a native and citizen of Cuba. Plaintiff Rodriguez Cabrera filed his CAA petition with USCIS while physically residing in Brandon, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Cabrera was inspected and admitted or paroled into the United States at Miami, Florida, on or about January 20, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 29, 2025, Plaintiff Rodriguez Cabrera timely filed his CAA petition (Receipt No. MSC2590317085) with USCIS. On June 24, 2025, Plaintiff Rodriguez Cabrera filed a corresponding EAD petition (Receipt No. IOE0930940557) based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Cabrera's CAA petition has been pending for approximately 16 months, and his EAD petition for approximately 12 months.

129. **Plaintiff Marileyvis Rodriguez Garcia** is a native and citizen of Cuba. Plaintiff Rodriguez Garcia filed her CAA petition with USCIS while physically residing in Mulberry, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Garcia was inspected and admitted or paroled into the United States at Tampa on or about March 30, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2

years and 4 months. On April 4, 2025, Plaintiff Rodriguez Garcia timely filed her CAA petition (Receipt No. IOE0931187420) and a corresponding EAD petition (IOE0931187421) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Garcia's CAA and EAD petitions have been pending for approximately 14 months.

130. **Plaintiff Jose Daniel Rodriguez Herrera** is a native and citizen of Cuba. Plaintiff Rodriguez Herrera filed his CAA petition with USCIS while physically residing in Auburndale, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Herrera was inspected and admitted or paroled into the United States at Orlando, Florida, on or about June 17, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On June 28, 2024, Plaintiff Rodriguez Herrera timely filed his CAA petition (Receipt No. MSC2490842756), and a corresponding EAD petition (Receipt No. IOE0930600164) on March 7, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Herrera's CAA petition has been pending for approximately 24 months, and their EAD petition for approximately 15 months.

131. **Plaintiff Brian Ernesto Rodriguez Morales** is a citizen and native of Cuba. Plaintiff Rodriguez Morales filed his CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Morales was

inspected and admitted or paroled into the United States at El Paso, Texas, on or about October 24, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On July 3, 2025, Plaintiff Rodriguez Morales timely filed his CAA petition (Receipt No. IOE0932841036), and a corresponding EAD petition (Receipt No. IOE0932841037), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Morales's CAA and EAD petitions have been pending for approximately 11 months.

132. **Plaintiff Brunilda Rodriguez Moya** is a native and citizen of Cuba. Plaintiff Rodriguez Moya filed her CAA petition with USCIS while physically residing in Mulberry, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Moya was inspected and admitted or paroled into the United States at Tampa, Florida, on or about March 30, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 2 months. On April 4, 2025, Plaintiff Rodriguez Moya timely filed her CAA petition (Receipt No. IOE0931186894), and a corresponding EAD petition IOE0931186895, with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Moya's CAA and EAD petitions have been pending for approximately 14 months.

133.**Plaintiff Amanda Rodriguez Riveron** is a native and citizen of Cuba. Plaintiff Rodriguez Riveron filed her CAA petition with USCIS while physically residing in Brandon,

Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Riveron was inspected and admitted or paroled into the United States at Miami, Florida, on or about January 20, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 29, 2025, Plaintiff Rodriguez Riveron timely filed her CAA petition (Receipt No. MSC2590317084) with USCIS. On June 24, 2025, Plaintiff Rodriguez Riveron filed a corresponding EAD petition (Receipt No. IOE0930940558) based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Riveron's CAA petition has been pending for approximately 17 months, and their EAD petition for approximately 12 months.

134. **Plaintiff Luis Miguel Rodriguez Rocha** is a native and citizen of Cuba. Plaintiff Rodriguez Rocha filed his CAA petition with USCIS while physically residing in Valrico, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Rocha was inspected and admitted or paroled into the United States at San Ysidro, California on or about December 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 15, 2025, Plaintiff Rodriguez Rocha timely filed his CAA petition (Receipt No. MSC2590283825), and a corresponding EAD petition (Receipt No. IOE0931867626) on April 25, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint,

Plaintiff Rodriguez Rocha's CAA petition has been pending for approximately 16 months, and his EAD petition for approximately 14 months.

135. **Plaintiff Pedro Jesus Rodriguez Rocha** is a native and citizen of Cuba. Plaintiff Rodriguez Rocha filed his CAA petition with USCIS while physically residing in Valrico, Florida, which confers jurisdiction on this Court. Plaintiff Rodriguez Rocha was inspected and admitted or paroled into the United States at San Ysidro, California, on or about December 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 15, 2025, Plaintiff Rodriguez Rocha timely filed his CAA petition (Receipt No. MSC2590304466), and a corresponding EAD petition (Receipt No. IOE0931725851) on April 25, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Rocha's CAA petition has been pending for approximately 16 months, and his EAD petition for approximately 14 months.

136. **Plaintiff Nitza Rojas Zuniga** is a native and citizen of Cuba. Plaintiff Rojas Zuniga filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Rojas Zuniga was inspected and admitted or paroled into the United States at San Ysidro, California, on or about July 10, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 18, 2025, Plaintiff Rojas Zuniga timely filed her CAA petition (Receipt No. IOE0933056963), and a corresponding EAD petition (Receipt No. IOE0933056964), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the

date of this Complaint, Plaintiff Rodriguez Zuniga's CAA and EAD petitions have been pending for approximately 11 months.

137. **Plaintiff Erineisy Romero Matos** is a native and citizen of Cuba. Plaintiff Romero Matos filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Romero Matos was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 2 months. On April 25, 2025, Plaintiff Romero Matos timely filed her CAA petition (Receipt No. IOE0931588717), and a corresponding EAD petition (Receipt No. IOE0931588718) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Romero Matos's CAA petition and EAD petitions have been pending for approximately 14 months.

138. **Plaintiff Yakelin Rondan Valdez** is a native and citizen of Cuba. Plaintiff Rondan Valdez filed her CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Rondan Valdez was inspected and admitted or paroled into the United States at Fort Lauderdale, Florida, on or about January 14, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 5 months. On January 23, 2025, Plaintiff Rondan Valdez timely filed her CAA petition (Receipt No. MSC2590303099) with USCIS and filed a corresponding EAD petition (Receipt No. IOE0931130221), on April 2, 2025, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for

Form I-485 applications in this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rondan Valdez's CAA petition has been pending for approximately 16 months, and her EAD petition for approximately 14 months.

139. **Plaintiff Lilian Beatriz Samuel Palacio** is a native and citizen of Cuba. Plaintiff Samuel Palacio filed her CAA petition with USCIS while physically residing in Lehigh Acres, Florida, which confers jurisdiction on this Court. Plaintiff Samuel Palacio was inspected and admitted or paroled into the United States at Miami, Florida, on or about May 24, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On July 5, 2024, Plaintiff Samuel Palacio timely filed her CAA petition (Receipt No. MSC2490855452) and a corresponding EAD petition (IOE0929710001) on January 24, 2025, with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Samuel Palacio's CAA petition has been pending for approximately 23 months, and her EAD petition for approximately 15 months.

140. **Plaintiff Isbel Sanchez Diaz** is a native and citizen of Cuba. Plaintiff Sanchez Diaz filed his CAA petition with USCIS while physically residing in Naples, Florida, which confers jurisdiction on this Court. Plaintiff Sanchez Diaz was inspected and admitted or paroled into the United States at Miami, Florida, on or about November 17, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 6 months. On December 2, 2024, Plaintiff Sanchez Diaz timely filed his CAA petition (Receipt No. MSC2590185325) and filed a corresponding EAD petition (Receipt No. IOE0931129165)

on April 2, 2025, with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Sanchez Diaz's CAA petition has been pending for approximately 18 months, and his EAD petition for approximately 14 months.

141. **Plaintiff A.S.B.** a native and citizen of Cuba. Plaintiff A.S.B. is the biological child of Plaintiff Sedano Herrera and Plaintiff Bidopia Herrera. Plaintiff A.S.B. filed their CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff A.S.B. was inspected and admitted or paroled into the United States at San Ysidro, California, on or about August 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 10 months. On August 26, 2025, Plaintiff A.S.B. timely filed her CAA petition (Receipt No. IOE0933582260), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff A.S.B.'s CAA petition has been pending for approximately 10 months.

142. **Plaintiff Eberto Sedano Herrera** a native and citizen of Cuba. Plaintiff Sedano Herrera filed his CAA petition with USCIS while physically residing in Cape Coral, Florida, which confers jurisdiction on this Court. Plaintiff Sedano Herrera was inspected and admitted or paroled into the United States at San Ysidro, California on or about August 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 10 months. On August 26, 2025, Plaintiff Sedano Herrera timely filed his

CAA petition (Receipt No. IOE0933580940), and a corresponding EAD petition (Receipt No. IOE0933580941), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Sedano Herrera's CAA petition and EAD petitions have been pending for approximately 10 months.

143. **Plaintiff Pedro Luis Silva Hermosa** is a native and citizen of Cuba. Plaintiff Silva Hermosa filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Silva Hermosa was inspected and paroled into the United States at Brownsville, Texas, on or about July 22, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 31, 2025, Plaintiff Silva Hermosa timely filed his CAA petition (Receipt No. IOE0933245954), and a corresponding EAD petition (Receipt No. IOE0933245955), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Silva Hermosa's CAA and EAD petitions have been pending for approximately 11 months.

144. **Plaintiff Yordan Suarez Sosa** is a native and citizen of Cuba. Plaintiff Suarez Sosa filed his CAA petition with USCIS while physically residing in St Petersburg, Florida, which confers jurisdiction on this Court. Plaintiff Suarez Sosa was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about December 21, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2

years and 6 months. On December 23, 2024, Plaintiff Suarez Sosa timely filed his CAA petition (Receipt No. MSC2590267596), and a corresponding EAD petition (Receipt No. MSC2590267597), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Suarez Sosa's CAA petition has been pending for approximately 18 months.

145. **Plaintiff Alexander Ulloa Morell** is a native and citizen of Cuba. Plaintiff Ulloa Morell filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Ulloa Morell was inspected and admitted or paroled into the United States at Miami, Florida, on or about July 29, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 10 months. On August 6, 2024, Plaintiff Ulloa Morell timely filed his CAA petition (Receipt No. MSC2490948814) with USCIS, and a corresponding EAD petition (Receipt No. IOE0930881057) on March 3, 2025, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Ulloa's CAA petition has been pending for approximately 22 months, and his EAD petition for approximately 15 months.

146. **Plaintiff Claudia Cecilia Valdivia Escalona** is a native and citizen of Cuba. Plaintiff Valdivia Escalona filed her CAA petition with USCIS while physically residing in Largo, Florida, which confers jurisdiction on this Court. Plaintiff Valdivia Escalona was inspected and admitted or paroled into the United States at El Paso, Texas, on or about May 21, 2024, and has since maintained continuous physical presence in the United States for a period

exceeding 2 years. On May 23, 2025, Plaintiff Valdivia Escalona timely filed her CAA petition (Receipt No. IOE0932100189), and a corresponding EAD petition (Receipt No. IOE0932100190), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Valdivia Escalona's CAA and EAD petitions have been pending for approximately 13 months.

147. **Plaintiff Luis Daniel Valladares Diaz** is a native and citizen of Cuba. Plaintiff Valladares Diaz filed his CAA petition with USCIS while physically residing in Fort Myers, Florida, which confers jurisdiction on this Court. Plaintiff Valladares Diaz was inspected and admitted or paroled into the United States at Eagle Pass, Texas, on or about November 2, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On November 8, 2023, Plaintiff Valladares Diaz timely filed his CAA petition (Receipt No. MSC2490187109). On June 6, 2025, Plaintiff Valladares Diaz filed a corresponding EAD petition (Receipt No. IOE0932329061), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 3.3 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Valladares Diaz's CAA petition has been pending for approximately 31 months, and their EAD petition for approximately 12 months.

148. **Plaintiff Isnel Daer Vargas Batista** is a native and citizen of Cuba. Plaintiff Vargas Batista filed his CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Vargas Batista was inspected and admitted or

paroled into the United States at San Isidro, California, on or about March 19, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On April 8, 2025, Plaintiff Vargas Batista timely filed his CAA petition (Receipt No. IOE0931244674), and a corresponding EAD petition (Receipt No. IOE0931244675), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Vargas Batista's CAA and EAD petitions have been pending for approximately 14 months.

149. **Plaintiff Efrain Viamontes Herrera** is a native and citizen of Cuba. Plaintiff Viamontes Herrera filed his CAA petition with USCIS while physically residing in Naples, Florida which confers jurisdiction on this Court. Plaintiff Viamontes Herrera was inspected and admitted or paroled into the United States at Miami, Florida, on or about May 11, 2024, and has since maintained continuous physical presence in the United States for a period exceeding 2 years and 3 months. On May 20, 2025, Plaintiff Viamontes Herrera timely filed his CAA petition (Receipt No. IOE0932252943), and a corresponding EAD petition (Receipt No. IOE0932867047), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7.0 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Viamontes Herrera's CAA and EAD petitions have been pending for approximately 13 months.

150. **Plaintiff Lazaro Damian Vilches Cabrera** is a native and citizen of Cuba. Plaintiff Vilches Cabrera filed his CAA petition with USCIS while physically residing in

Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Vilches Cabrera was inspected and admitted or paroled into the United States at Tampa, Florida on or about July 28, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On August 5, 2025, Plaintiff Vilches Cabrera timely filed his CAA petition (Receipt No. IOE0933300119), and a corresponding EAD petition (Receipt No. IOE0933300120), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Vilches Cabrera's CAA petition has been pending for approximately 10 months.

151. **Plaintiff Elisabet Villazon Delgado** is a native and citizen of Cuba. Plaintiff Villazon Delgado filed her CAA petition with USCIS while physically residing in Saint Petersburg, Florida, which confers jurisdiction on this Court. Plaintiff Villazon was inspected and paroled into the United States at Tampa, Florida, on or about March 8, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 3 months. On March 13, 2025, Plaintiff Villazon Delgado timely filed her CAA petition (Receipt No. IOE0930719525), and a corresponding EAD petition (Receipt No. IOE0930719526), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Villazon Delgado's CAA and EAD petitions have been pending for approximately 14 months.

152. **Plaintiff Maylin Vitier Padron** is a native and citizen of Cuba. Plaintiff Vitier Padron filed her CAA petition with USCIS while physically residing in Kissimmee, Florida,

which confers jurisdiction on this Court. Plaintiff Vitier Padron was inspected and admitted or paroled into the United States at Miami, Florida on or about July 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 1 year and 11 months. On July 21, 2025, Plaintiff Vitier Padron timely filed her CAA petition (Receipt No. IOE0933070749), and a corresponding EAD petition (Receipt No. IOE0933070750), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Vitier Padron's CAA and EAD petitions have been pending for approximately 11 months.

153. **Plaintiff Arelys Vivero Pompa** is a native and citizen of Cuba. Plaintiff Vivero Pompa filed her CAA petition with USCIS while physically residing in Tampa, Florida, which confers jurisdiction on this Court. Plaintiff Vivero Pompa was inspected and admitted or paroled into the United States at Tampa, Florida, on or about November 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 7 months. On December 6, 2024, Plaintiff Vivero Pompa timely filed her CAA petition (Receipt No. MSC2590202020), and a corresponding EAD petition (Receipt No. IOE0930991918), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the median processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Vivero Pompa's CAA and EAD petitions have been pending for approximately 18 months.

154. **Defendant USCIS** is a component agency of the Department of Homeland Security. USCIS is responsible for adjudicating petitions and requests for immigration benefits, including the CAA and EAD petitions at issue in this action.

155. **Defendant Joseph B. Edlow** is the Director of USCIS, which is a component agency within the Department of Homeland Security ("DHS"). Director Edlow is sued in his official capacity. Therefore, in this capacity, he is responsible for the adjudication of applications for immigration-related benefits in the United States, including petitions for adjustment of status and employment authorization pursuant to the CAA.

156. **Defendant U.S. Department of Homeland Security** is a cabinet-level executive agency of the United States government and the parent agency of Defendant United States Citizenship and Immigration Services ("USCIS"). DHS bears ultimate responsibility for the administration and enforcement of the nation's immigration laws, including the CAA. As the agency head, DHS has supervisory authority over USCIS's adjudicative functions and policies, including the processing of adjustment of status applications filed pursuant to the CAA.

157. **Defendant Markwayne Mullin** is the Secretary of the DHS and is sued in his official capacity. Secretary Mullin is responsible for the overall direction, administration, and enforcement of the nation's immigration laws, including oversight of all DHS component agencies. Secretary Mullin also has supervisory authority over USCIS's adjudicative functions and policies, including the processing of adjustment of status applications filed pursuant to the CAA.

## **FACTUAL ALLEGATIONS**

**I. USCIS is Statutorily Obligated to Adjudicate Petitions for Immigration Benefits in the United States.**

158. USCIS is the federal agency that is responsible for adjudicating petitions and requests for immigration benefits. *See* 6 U.S.C. § 271. "Immigration benefits" refers to the conferral of immigration status, authorizations, classifications, and other forms of relief established by Congress under federal immigration law that establish whether and under what conditions noncitizens may, e.g., enter the United States, obtain or maintain a lawful status or period of authorized stay, work in the country, obtain lawful permanent residence, and ultimately, naturalize as United States citizens.

159. Furthermore, the Director of USCIS is specifically "authorized to implement innovative pilot initiatives to eliminate any remaining backlog in the processing of immigration benefit applications, *and to prevent any backlog in the processing of such applications from recurring*, in accordance with [section 204(a) of the Immigration Services and Infrastructure Improvements Act of 2000,] 8 U.S.C. 1573(a)." 6 U.S.C. § 271(a)(5) (emphasis added).

**II. Adjustment of Status under the CAA is Congressionally Mandated Relief for all *Prima Facie* Eligible Cuban Nationals and Citizens (and their Spouses and Unmarried Children)**

160. The Cuban Adjustment Act of 1966, Pub. L. No. 89-732, 80 Stat. 1161 (codified as amended at 8 U.S.C. § 1255 note) ("CAA"), reflects a deliberate and longstanding congressional policy of extending special immigration benefits to Cuban nationals and citizens who seek refuge in the United States.

161. This benefit is also extended to all *prima facie* eligible spouses and unmarried minor children of Cuban nationals and citizens eligible for adjustment of status under the CAA.

162. Congress enacted the CAA to provide a distinct and expedited pathway to Lawful Permanent Resident status for eligible Cuban nationals, independent of the numerical visa limitations and standard adjustment procedures ordinarily applicable under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.

163. Under the CAA, the Secretary of Homeland Security may adjust the status of any eligible Cuban national or citizen to that of an alien lawfully admitted for permanent residence, upon application, provided the applicant: (a) is a native or citizen of Cuba; (b) has been inspected and admitted or paroled into the United States; (c) has been physically present in the United States for at least one year; and (d) is admissible to the United States as an immigrant. 8 U.S.C. § 1255 note § 1. *See also* 6 U.S.C. 271 et seq.

164. The benefits of the CAA are not limited solely to Cuban nationals. The statute expressly extends its protections to the spouse and children of a qualifying Cuban applicant, "regardless of their citizenship and place of birth," provided they are residing with, or otherwise qualifying through, the Cuban principal applicant. Accordingly, a non-Cuban spouse may adjust status derivatively under the CAA, either concurrently with the Cuban principal, or following the principal's adjustment to lawful permanent resident status, so long as the qualifying marital relationship exists. See the Cuban Adjustment Act, Pub. L. No. 89-732, 80 Stat. 1161 (1966).

165. Adjustment of status under the CAA confers status of LPR, thereby granting these noncitizens the right to reside and work permanently in the United States, travel

internationally, petition for immigration visas for qualifying family members, and ultimately apply for U.S. citizenship.

166. USCIS, as a component of DHS, is the federal agency charged with adjudication applications for adjustment of status, via Form I-485, pursuant to the CAA.

167. Applicants are permitted to file a concurrent Form I-765, EAD at the time of filing their CAA petitions, which would entitle the noncitizen to work lawfully in the United States during the pendency of their adjustment application. 8 C.F.R. § 274a.12(c)(9).

168. Indeed, the INA places an affirmative obligation on noncitizens, like the Plaintiffs, to apply for work authorization if they also file an application to adjust status pursuant to t 8 U.S.C. § 1255 (or Chapter 245 of the Immigration and Nationality Act (INA)). *See* 8 C.F.R. § 274a.12(c)(9).

169. Defendant USCIS's obligation to timely adjudicate applications filed under the CAA is reinforced by the APA, 5 U.S.C. § 551 et seq., which mandates that agencies conclude matters presented to them "within a reasonable time". 5 U.S.C. § 555(b).

170. Defendant USCIS's failure to adjudicate a mandatory statutory benefit, which is congressionally mandated relief for noncitizens like the Plaintiffs, constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1), and this action is therefore subject to judicial review and remedy by this Court.

**III. Plaintiffs' Pending CAA and Corresponding EAD Petitions are Delayed in Unreasonable Excess Beyond USCIS Historic Processing Times**

171. As previously referenced, the relevant statute governing adjustment of status under the CAA imposes an affirmative obligation on applicants with pending CAA petitions to

also concurrently apply for work authorization by filing Form I-765 with USCIS. 8 C.F.R. § 274a.12(c)(9).

172. The relevant statute states: "An alien within a class of aliens described in this section *must* apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document." *Ibid.*

173. Plaintiffs are 121 Cuban nationals and citizens, and 1 Venezuelan national or citizen, who have established *prima facie* eligibility to adjust status under the CAA.

174. Plaintiffs timely and properly filed their respective Form I-485 applications for adjustment of status pursuant to the CAA, along with corresponding applications for EADs ("EAD petitions"), and in compliance with Plaintiffs' affirmative obligation to apply for work authorization under 8 C.F.R. § 274a.12(c)(9).

175. Upon filing, USCIS issued receipt notices acknowledging acceptance of Plaintiffs' applications and providing median processing times.

176. USCIS publishes processing time information on their public-facing website, including historical processing times for CAA petitions. According to this, USCIS alleges that the median processing time for Form I-485 applications filed under the CAA historically ranged from approximately 3.3 to 10.4 months for the filing period covering FY 2021 to FY 2026 (to-date). The median processing time to date in FY 2026 is 10.4 months.

177. Similarly, between FY 2021 to FY 2026, USCIS posted historic processing times for their adjudication of EAD petitions based upon *all* pending adjustment of status

applications, not simply those connected with a CAA petitions. These median times range from 2.2 to 7.1 months.

178. Plaintiffs' applications have now been pending for any period between 9 months to over 30 months— a period that significantly exceeds USCIS's own published processing times, and that has continued without any substantive adjudicative action, interview scheduling, request for evidence, or explanation from the agency.

179. Despite Plaintiffs' inquiries to USCIS through its public inquiry portal (e-Request), case status checks, and, in certain instances, congressional inquiries submitted on some of the Plaintiffs' behalf, USCIS has failed to provide any substantive explanation for the delay, any estimated date of adjudication, or any indication that Plaintiffs' cases are actively being processed.

180. Instead, on December 2, 2025, the Defendant USCIS issued an internal Policy Memorandum and halted all adjudications of pending immigrant benefit applications, including the CAA and EAD petitions at issue here, if the petitioner is from any of the thirty-nine countries subject to entry restrictions imposed by President Donald Trump, which list includes Cuba. This adjudication hold was continued on January 1, 2026, pursuant to a further, internal agency memorandum.

181. This latest dilatory action by the Defendant USCIS only exacerbates the unreasonable delay in the adjudication of the Plaintiffs' pending CAA and EAD petitions, and to date, over five months after implementing its new policy, the Defendant USCIS has not issued any guidance whatsoever on when the current adjudication hold will be lifted.

182. Accordingly, the duration of the delay is not attributable to any action or inaction on the part of Plaintiffs, who have complied with all USCIS requests and requirements,

maintained their eligibility, and remained available for interview or biometrics appointment as required.

183. Courts evaluating unreasonable delay claims under the APA consider, among other factors, the time agencies take to act relative to the statutory or regulatory scheme, the health and financial interests implicated by the delay, and whether the delay is the result of administrative inaction rather than legitimate adjudicative workload management. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC Factors").

184. Here, under any application of the TRAC factors, the delay experienced by Plaintiffs is unreasonable because: (a) no rule of reason supports delays of this magnitude when an agency has a statutory obligation to adjudicate a petition for congressionally mandated relief; (b) Congress did not enumerate any exceptions for extended delay in conferring CAA benefits; (c) the interests prejudiced — work authorization, LPR status, family stability — are substantial; and (d) expediting Plaintiffs' adjudications would not adversely affect other proceedings before the agency.

## IV. Unreasonable Delay Caused by Defendant USCIS's Failure to Adjudicate the Plaintiffs' Pending Petitions is Only Exacerbated by the Benefits Hold Policy

185. For over five months, USCIS has implemented a new policy ("Benefits Hold Policy") of placing all applications filed by certain noncitizens, including applications filed by Cuban nationals under the CAA, on an administrative hold, thereby suspending active adjudication of those applications indefinitely and without statutory or regulatory authorization ("Benefits Hold Policy").

186. The policy herein referenced is memorialized in an internal Policy Memorandum published by USCIS for their personnel on December 2, 2025.

187. The Benefits Hold Policy operates as a de facto moratorium on the adjudication of CAA-based I-485 applications, effectively nullifying the mandatory statutory directive of the CAA without congressional authorization or judicial sanction.

188. Defendant USCIS lacks statutory authority to indefinitely suspend adjudication of applications filed under a mandatory statute. The agency's discretion in the adjudicative process does not extend to the wholesale non-adjudication of a congressionally mandated relief, such as that enumerated by Congress within the CAA. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (agency action unlawfully withheld is subject to court order to compel where a discrete agency duty is required by law).

189. The Benefits Hold Policy currently implemented by Defendant USCIS only exacerbates the unreasonable delay it has already caused for the Plaintiffs, effectively culminating in the Defendant unlawfully withholding congressionally mandated relief from the Plaintiffs, despite the Plaintiffs' *prima facie* eligibility for such relief and the Defendant's affirmative obligation to adjudicate the Plaintiffs' pending CAA and EAD petitions.

**V. Defendants' Benefits Hold Policy Constitutes Final Agency Action that is Arbitrary, Capricious, and Contrary to Law**

190. Plaintiffs are persons whose benefit applications are subject to the Hold Policy. As a result of the Hold Policy, Plaintiffs' pending applications have not been adjudicated, causing Plaintiffs to suffer injury including inability to obtain lawful status, work authorization, travel documents, and other benefits to which they are otherwise entitled.

Plaintiffs are therefore adversely affected or aggrieved within the meaning of 5 U.S.C. § 702.

191. The Hold Policy is arbitrary and capricious because Defendants failed to provide a reasoned explanation rationally connecting the stated justification for the Hold Policy to the sweeping breadth of its application.

192. USCIS failed to consider obvious and important alternatives to a blanket adjudication hold. The agency did not explain why enhanced screening, targeted holds, or case-by-case review would be insufficient to address any identified security concern. An agency acts arbitrarily when it fails to consider less drastic alternatives that would reasonably address its stated objectives. See *State Farm*, 463 U.S. at 51.

**VI. Defendants Continue to Issue Arbitrary, Capricious, and Unlawful Policies that Undermine the Purpose of the INA and Cause Irreparable Harm to the Plaintiffs.**

193. On May 21, 2026, Defendant USCIS issued its latest policy memorandum, namely, PM-602-0199 ("Adjustment of Status is a Matter of Discretion and Administrative Grace, and an Extraordinary Relief that Permits Applicants to Dispense with the Ordinary Consular Visa Process"). Plaintiffs submit that this new policy is but the most recent example of Defendants' arbitrary, capricious, and otherwise unlawful policies that significantly harm the Plaintiffs in relation to their pending bona fide applications for adjustment of status and work authorization under the CAA.

194. By and through PM-602-0199, Defendants are subverting decades of congressionally mandated routes to adjustment under Section 245 of the INA, which were enacted in response to the particular urgencies presented when lawfully admitted

noncitizens are prima facie eligible to obtain legal permanent residency while physically present in the United States.

195. This arbitrary, capricious, and otherwise unlawful action by Defendants only aggravates the direct, ongoing harm suffered by the 143 Plaintiffs in this lawsuit, as the CAA is a route to adjustment of status that is empowered through Section 245 of the INA.

**VII. Plaintiffs Suffer Significant Prejudice Because They Are Effectively Prevented from Adjusting Their Immigration Status, Pursuant to Congressionally Mandated Relief (Despite Already Establishing *Prima Facie* Eligibility)**

196. The 146 Plaintiffs to this lawsuit have each established prima facie eligibility for adjustment of status under the CAA. Each Plaintiff is either a native or citizen of Cuba, or the eligible spouse or unmarried child of a Cuban national or citizen, who was inspected and paroled into the United States, has been physically present in the United States for over 1 year, and is not subject to any ground of inadmissibility that would otherwise bar adjustment of status.

197. Notwithstanding their established eligibility, Plaintiffs remain in a legally precarious immigration status solely as a result of USCIS's failure to adjudicate their pending applications. Each day of continued, unreasonable delay by the Defendant USCIS in complying with their statutory obligation to adjudicate the Plaintiffs' pending petitions deprives Plaintiffs of the protections and rights Congress expressly made available to them.

198. As part of the Defendants' broader, current immigration enforcement priorities, noncitizens like the Plaintiffs are increasingly at risk of being subject to indefinite detention with Immigration and Customs Enforcement ("ICE") if they do not have immigration status in the United States. Therefore, the Defendants' failure to adjudicate the pending

CAA and EAD petitions causes significant prejudice to the Plaintiffs because the Plaintiffs remain in limbo pending adjustment of their immigration status.

199. The 146 Plaintiffs in this lawsuit, as a result of the unreasonable delay by USCIS, and the Defendants' prolonged Benefits Hold Policy, are suffering harm that is severe, concrete, and ongoing, and which includes significant prejudice in key aspects that impacts Plaintiffs in their daily lives, including but not limited: (a) access to valid employment authorization; (b) travel restrictions: (c) significant risk of family separation; (d) economic harm: (e) psychological and emotional harm; and (f) the unavailability of any adequate remedy at law for these harms being suffered.

## LEGAL FRAMEWORK

### Adjustment of Status Pursuant to the Cuban Adjustment Act (CAA)

200. Cuban nationals and citizens are *prima facie* eligible to adjust status, pursuant to the CAA, if the Cuban national or citizen: (1) is a native or citizen of Cuba; (2) was lawfully admitted or paroled into the United States on or after January 1, 1959; (3) has been physically present in the United States for at least one year prior to filing; and (4) is admissible to the United States as an immigrant, or is entitled to a waiver of any applicable ground of inadmissibility. Pub. L. No. 89-732, § 1, 80 Stat. 1161 (1966). The CAA further extends these benefits to the spouse and child of a qualifying Cuban applicant, regardless of their citizenship or place of birth, permitting such derivatives to adjust status either concurrently with the principal applicant or individually thereafter, provided the qualifying relationship exists. *Id.*

201. The CAA's adjustment mechanism operates independently of the numerical visa preference system established by the INA, 8 U.S.C. § 1151. Eligible Cuban nationals who

meet the established prerequisites can apply for adjustment of status without the need to wait for a visa number to become available, moreover, these noncitizens are not subject to the per-country annual caps that govern other adjustment categories.

202. This structural feature of the CAA reflects Congress's deliberate policy choice to treat Cuban nationals as a uniquely protected class of beneficiaries entitled to expedited access to permanent residence.

203. Adjustment of status under the CAA confers upon the applicant the status of a LPR, entitling the applicant to reside permanently in the United States, to work without restriction, to travel internationally with a re-entry document, and to petition for certain qualifying family members under the INA's family preference categories. 8 U.S.C. § 1153(a). LPR status also initiates the continuous residence period required for naturalization under 8 U.S.C. § 1427.

204. USCIS, as the component of DHS charged with adjudicating immigration benefit applications, bears the institutional responsibility for receiving, processing, and adjudicating Form I-485 applications filed pursuant to the CAA. See 6 U.S.C. § 271(b). This responsibility is not subject to indefinite deferral at the agency's discretion; it is an affirmative, non-delegable duty imposed by statute.

205. Applicants, like the Plaintiffs, who have filed a Form I-485 pursuant to the CAA are separately entitled to apply for employment authorization on Form I-765 as a category (c)(9) applicant — i.e., an alien whose adjustment application is pending under 8 C.F.R. § 274a.12(c)(9). Employment authorization in this category is a creature of regulation and exists specifically to protect the livelihood of adjustment applicants during the pendency of their cases.

206. USCIS is required to adjudicate Form I-765 applications and, pursuant to 8 C.F.R. § 274a.13(d), has acknowledged that delays in EAD adjudication beyond the regulatory period give rise to interim relief obligation.

**Agency Obligations under the APA**

207. Under the APA, federal agencies, including Defendant USCIS, are statutorily required to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

208. This statutory duty to adjudicate petitions that are pending before USCIS is non-discretionary. 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a). The obligation to act within a reasonable time does not vest in the agency unfettered discretion to determine when or whether to act; rather, it imposes an affirmative temporal constraint on agency inaction that is enforceable by federal courts. See 5 U.S.C. § 706(1) (authorizing courts to "compel agency action unlawfully withheld or unreasonably delayed").

209. A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). This provision grants district courts the authority to order an agency to perform a non-discretionary duty owed to a petitioner where that duty has been unreasonably withheld or indefinitely deferred. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004).

210. Courts in the Eleventh Circuit evaluate claims of unreasonable agency delay using the multi-factor balancing framework articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"). The TRAC factors require courts to consider: (1) the time agencies take to make decisions must be governed by a rule

of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply the content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind the agency's delay in order to hold that such a delay is unreasonable. *TRAC*, 750 F.2d at 80.

211. The APA further provides that courts shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An informal agency policy that systematically suspends adjudication of a mandatory statutory benefit program — without notice-and-comment rulemaking, without statutory authority, and without any individualized determination — is precisely the kind of arbitrary and capricious agency conduct that the APA was designed to remedy. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

**Historic Processing Times for CAA and EAD Petitions**

212. According to USCIS's own published Historic Processing Times, between FY 2021 and FY 2026, the average median processing time for Form I-485 applications based on the CAA was 6.5 months.

213. USCIS also represents that, between FY 2021 and FY 2026, the median processing time for pending Form I-765 applications based on corresponding I-485 applications (of all categories) did not exceed 7 months.

214. USCIS's published processing times are not merely aspirational targets; they represent the agency's own operational representations regarding its capacity and workflow. Courts have relied on these published benchmarks as a meaningful baseline against which to measure the reasonableness of agency delay in other APA and Mandamus actions. Where actual processing times dramatically exceed these published figures, such deviation must be considered as probative evidence of unreasonable agency inaction.

215. The agency's own data therefore establishes the benchmark against which Plaintiffs' cases must be measured. Plaintiffs' applications have been pending for periods that range from approximately 12 months to over 36 months — far exceeding the 6.5-month median for I-485 applications and the 7-month median for I-765 applications that USCIS has itself identified as representative of its normal processing capacity.

**USCIS' Benefits Hold Policy**

216. On December 2, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued Policy Memorandum PM-602-0192, titled "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries." The memorandum is aligned with Executive Order 14161, which directed a cross-agency tightening of immigration vetting and screening, and Presidential Proclamation 10949, which had been issued in June 2025 and restricted the entry of

nationals from twelve countries while partially restricting entry for nationals of seven additional countries.

217. Effective immediately upon issuance, PM-602-0192 imposed an agency-wide adjudication hold on all pending immigration benefit requests filed by individuals listing one of the nineteen countries identified in Presidential Proclamation 10949 as their country of birth or citizenship. Benefit types subject to the hold include, but are not limited to, Form I-485 applications for adjustment of status, including the CAA petitions at issue in this lawsuit.

218. Critically, this hold applies regardless of when the individual entered the United States, and the agency provided no projected timeline for lifting it. In addition to halting final adjudications for nationals of those countries, PM-602-0192 simultaneously paused the adjudication of all pending Form I-589 asylum and withholding of removal applications, without regard to the applicant's country of birth or nationality.

## CLAIMS FOR RELIEF

### COUNT ONE
### (1st Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1))

219. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

220. The APA imposes a statutory requirement for federal agencies, including Defendant USCIS, to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

221. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. *See* 8 U.S.C. § 1157(c)(2); 8 C.F.R. §207.7(a).

222. Furthermore, under the APA, this Court, as a reviewing court, has the authority to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

223. Defendants have failed to comply with this obligation by failing to adjudicate the Plaintiffs' CAA petitions within a reasonable time and in accordance with the Defendants' statutory obligation. In some cases, the CAA petitions at issue have been delayed for several years beyond the agency's own posted historic processing times.

224. Defendants' failure to timely adjudicate the Plaintiffs' CAA petitions constitutes an agency action unlawfully withheld or unreasonably delayed in violation of the Defendants' obligations under 5 U.S.C. § 706(1).

225. Additionally, § 702 of the APA specifically provides for relief for a *failure to act* in that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." *Cacace v. Swacina*, 1:07-cv-20410-AJ, DE 12, Order Denying Mot. Dismiss, at *3 (S.D.Fla. May 17, 2007) (quoting 5 U.S.C. §702) (Jordan, J.) *Mendoza v. Cissna*, No. 17-23044-CIV-WILLIAMS, 2018 U.S. Dist. LEXIS 247316, at *6-7 (S.D. Fla. July 20, 2018).

226. Plaintiffs are entitled to relief under the APA in the nature of an order compelling Defendants to timely adjudicate the pending CAA petitions at issue in this lawsuit.

**COUNT TWO**
**(2nd Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1))**

227. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

228. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending EAD petitions. *See* 8 U.S.C. § 1157(c)(2); 8 C.F.R. §207.7(a).

229. Furthermore, under the APA, this Court, as a reviewing court, has the authority to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

230. Defendants have failed to comply with this obligation by failing to adjudicate the Plaintiffs' EAD petitions within a reasonable time and in accordance with the Defendants' statutory obligation. Plaintiffs' EAD petitions at issue have been delayed for several years beyond the agency's own posted historic processing times of only months for a final decision.

231. Defendants' failure to timely adjudicate the Plaintiffs' EAD petitions constitutes an agency action unlawfully withheld or unreasonably delayed in violation of the Defendants' obligations under 5 U.S.C. § 706(1).

232. Plaintiffs are entitled to relief under the APA in the form of an order compelling Defendants to timely adjudicate the pending EAD petitions also at issue in this lawsuit.

**COUNT THREE**
**(1st Violation of the Mandamus Act, 28 U.S.C. § 1361)**

233. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

234. Mandamus is proper only if: "(1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available." *See* 28 U.S.C. §1361; *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003).

235. Plaintiffs are squarely within the zone of interests protected by the Cuban Adjustment Act. They have a statutory right to apply for adjustment of status once they can establish *prima facie* eligibility for this immigration benefit. Once the Plaintiffs filed their

petitions, they had a statutory right to have their petitions adjudicated by UCSIS in a reasonable period of time. 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a).

236. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. *See id.* Because Plaintiffs have a statutory right to apply to apply to adjust their immigration status pursuant to the CAA, 8 U.S.C. § 1255, Notes – "Cuban Refugees: Adjustment of Status", Defendant USCIS has a corresponding duty to adjudicate that petition. Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time". 5 U.S.C. § 555(b).

237. There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending CAA petitions.

238. Plaintiffs are entitled to relief, in the form of mandamus pursuant to 28 U.S.C. § 1361, to compel Defendants to timely process and adjudicate the CAA petitions.

**COUNT FOUR**
**(2nd Violation of the Mandamus Act, 28 U.S.C. § 1361)**

239. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

240. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending EAD petitions. *See id.* Because Plaintiffs have a statutory right to apply for employment authorization pending an adjudication on their applications to adjust status, the Defendant USCIS has a corresponding duty to adjudicate the Plaintiffs' pending EAD petitions. Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time". 5 U.S.C. § 555(b).

241. There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending EAD petitions.

242. Plaintiffs are entitled to relief, in the form of mandamus pursuant to 28 U.S.C. § 1361, to compel Defendants to timely process and adjudicate the Plaintiffs' pending EAD petitions.

**COUNT FIVE**
**(3rd Violation of Administrative Procedures Act, 5 U.S.C. § 706(2)(A))**

243. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

244. The APA authorizes courts to "hold unlawful and set aside" final agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see id. § 704 (to be reviewable under the APA, challenged action must constitute "final agency action").

245. For an agency action to be "final," the action "must mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citing *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997)). Additionally, the action "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (citing *Bennett*, 520 U.S. at 177-78).

246. The Defendants' Benefits Hold Policy, as enshrined in PM-602-0192, and its successor and related memoranda, constitutes final agency action within the meaning of 5 U.S.C. § 704. The Benefits Hold Policy imposes immediate, binding obligations on USCIS adjudicators and has direct legal consequences for affected applicants by indefinitely suspending adjudication of their pending benefit requests. It thus marks the consummation of the agency's decision-making process on this subject and determines rights and

obligations from which legal consequences flow. See Bennett v. Spear, 520 U.S. 154, 177–78 (1997).

247. Although Defendant USCIS initially represented that the Benefits Hold Policy would be implemented for a temporary 90-day period, this "temporary" period should have lapsed by April 1, 2026, based on the implementation date of the last Policy Memoranda.

248. However, the Defendants' Benefits Hold Policy remains in effect after five months with no further guidance or clarification from the Defendants as to when the Benefits Hold Policy will be lifted. And, as reaffirmed recently, for example, before the U.S. District Court of Massachusetts on the same legal posture, at a certain point, "an agency's ongoing characterization of its action as 'temporary' rings hollow." *Doe v. Trump,* No. 1:25-cv-13946-JEK *(*D. Mass. April 30, 2026), ECF No. 82 at 13).

249. The Benefits Hold Policy is also arbitrary and capricious in its retroactive reach. The directive to re-review benefit requests already approved on or after January 20, 2021 — covering a period of nearly five years — lacks any reasoned justification tethered to any identifiable adjudicatory failures made by the agency, fraud patterns, or specific security threats arising from approvals during that period. Defendant USCIS has also offered no explanation as to why January 20, 2021 is the operative date for this policy, nor any reason as to why previously completed and lawful adjudications should be reopened *en masse*, or what standard would govern such re-reviews.

250. Additionally, the Benefits Hold Policy provides no timeline for resolution, no individualized process for affected applicants to seek exemption or expedited review, and no defined criteria for lifting the hold. The absence of these procedural features reflects a failure, by the Defendants, to comply with their obligations under the APA and subjects

applicants, including the 122 Plaintiffs in this lawsuit, to open-ended legal limbo without any articulable endpoint or standard.

251. The Defendants' ongoing implementation of the Benefits Hold Policy constitutes final agency action that is arbitrary and capricious, and in violation of the Defendants' obligations under 5 U.S.C. § 706(2)(A).

252. There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending CAA and EAD petitions.

253. Accordingly, the Plaintiffs are entitled to relief in the form of an order requiring the Defendants to cease the implementation of the Benefits Hold Policy as to the Plaintiffs' pending CAA and EAD petitions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants' delay in adjudicating the Plaintiffs' pending applications to adjust status, and for work permits, pursuant to the CAA is unreasonable under the APA, 5 U.S.C. § 706(1);

(3) Declare that the Defendants' ongoing Benefits Hold Policy is arbitrary, capricious, and contrary to the law under APA, 5 U.S.C. § 706(2)(A);

(4) Grant injunctive relief and hereby order Defendants to cease implementation of their Benefits Hold Policy as to the Plaintiffs' pending CAA and EAD petitions;

(5) Order Defendants to adjudicate Plaintiffs' pending CAA petitions by a certain date to be set by the Court;

(6) Order Defendants to adjudicate Plaintiffs' pending EAD petitions by a certain date to be set by the Court;

(7) Issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' CAA petitions by a certain date to be set by the Court;

(8) Issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' EAD petitions by a certain date to be set by the Court;

(9) Award attorneys' fees and costs to counsel for Plaintiffs, pursuant to the Equal Access to Justice Act, see 28 U.S.C. § 2412(d), and on any other basis justified under law; and

(10) Grant any further relief this Court deems just and proper.

Dated: July 7th, 2026

Respectfully submitted,

______________________________

Ismael J. Labrador, Esq.
***Attorney for Plaintiffs***
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000